Siebolt **HETTINGA** and **Jeanine Hettinga, Plaintiffs-Appellants,**

v.

**DALLAS COUNTY BOARD OF ADJUSTMENT, Defendant-Appellee,**

**Ronald E. Kenyon, Intervenor-Appellee.**

No. 84–1650.

Court of Appeals of Iowa.

Aug. 29, 1985.

William J. Schadle, Des Moines, for plaintiffs-appellants.

David J. Welu, Asst. Co. Atty., for defendant-appellee.

Peter A. Keller of McDonald, Keller, Brown & Kimple, Dallas Center, for intervenor-appellee.

Heard by DONIELSON, P.J., and SNELL and HAYDEN, JJ.

DONIELSON, Presiding Judge.

Plaintiffs appeal from judgment adverse to them in a certiorari challenge to a zoning decision of defendant board granting intervenor a special use permit, asserting that the board violated the Open Meetings Act in a manner rendering their action illegal. Appellees assert that the scope of review is not de novo. We affirm.

Defendant board approved intervenor's application for a special use permit in open session at a regular meeting held in a courtroom. Prior to the start of the open session, one of the board members had suggested to the county attorney that they continue their courtroom conversation in the adjacent room in order to avoid distractions of the crowd in the courtroom. The other board members present followed them. Four board members, a majority, were present in the adjacent room and discussed the county zoning ordinance with the county attorney. The door to the adjacent room was closed during some or all of the meeting, which lasted for five to fifteen minutes. No vote was taken to hold a closed session, the merits of intervenor's application were not discussed, no minutes were kept, and no tape recording was made. In plaintiffs' certiorari challenge to the zoning decision, the district court heard additional evidence and found, inter alia, that there was no intent to avoid the purposes of the Open Meeting Act and thus no violation.

Petitioner Hettinga maintains that the activities of several county board members in a room adjacent to the courtroom prior to the commencement of a scheduled meeting constituted a closed session in violation of the Open Meetings Act, Iowa Code chapter 21 (1985) (formerly chapter 28A). The Open Meetings Act only applies to meetings of governmental bodies as defined in

Iowa Code section 21.2. It is, therefore, necessary to determine whether a "governmental body" had a "meeting" within the meaning of section 21.2(1)–(2).

▮ The Dallas County Board of Adjustment is certainly a "governmental body" within the definition of section 21.2(1)(b). Whether a "meeting" took place is a less clear-cut issue.

A "meeting" is defined as:

a gathering in person or by electronic means, formal or informal, of a majority of the members of a governmental body where there is deliberation or action upon any matter within the scope of the governmental body's policy-making duties. Meetings shall not include a gathering of members of a governmental body for purely ministerial or social purposes when there is no discussion of policy or no intent to avoid the purposes of this chapter.

Section 21.2(2), The Code (1985).

▮ The record indicates that a gathering of a majority of members of the board did occur outside of the public hearing room so as to satisfy that portion of the definition. Next, it is necessary to determine if "deliberation or action upon any matter within the scope of the governmental body's policy-making duties" took place at this gathering. This operative statutory language has been interpreted to encompass "the discussion and evaluative processes in arriving at a decision or policy." Op.Att'y Gen. # 79-5-14. This is contrasted with the "ministerial or social purposes" exception contained in section 21.2(2). This distinction is viewed as meaning that a:

gathering for 'purely ministerial' purposes may include a situation in which members of a governmental body gather simply to receive information upon a matter within the scope of the body's policy-making duties. During the course of such a gathering, individual members may, by asking questions, elicit clarification about the information presented. We emphasize, however, that the nature of any such gathering may change if either "deliberation" or "action" [as de-fined earlier in the opinion] occurs. A meeting may develop, for example, if a majority of the members of a body engage in any discussion that focuses at all concretely on matters over which they exercise judgment or discretion.

Op.Att'y Gen. # 81–7–4(L) at 10. Moreover, the Iowa Supreme Court has held that board members can meet for purely ministerial functions, or in a social setting, without being required to follow chapter 21 provisions, so long as there is no discussion of policy and no intent to avoid the purposes of the Act. *See Telegraph Herald v. City of Dubuque, Iowa and City Council*, 297 N.W.2d 529, 533 (Iowa 1980).

The trial court found that a board member, Art Thompson, was trying to discuss the applicable law of a county zoning ordinance with the county attorney when the two men decided to move into an adjoining room due to the noise in the courtroom. This situation was complicated by the fact that during the five to fifteen minutes the discussion took place the other board members entered the room. All parties who were in that adjoining room testified that merits of the case were not mentioned and only the applicable law was discussed. It further does not appear that any member of the board intended to violate chapter 21. Based on this record, we hold that the provisions of chapter 21 were not violated because no deliberation or action regarding board policy-making occurred during the gathering. The gathering was solely for the purpose to elicit a clarification of a point of law from the county attorney. Thus, petitioner has failed to establish that a "meeting" within the definition of chapter 21 occurred.

▮ While the Open Meetings Act's provisions do not apply to these facts, this is not to mean that under a similar factual setting where *any* policy is discussed, the requirements of chapter 21 would not be triggered. We do not condone unauthorized closed sessions and find it unfortunate that this situation arose. Persons serving on governmental bodies should be constantly aware that their activities are

subject to public scrutiny and should avoid even the appearance of engaging in unauthorized closed sessions. The public is entitled to openness in the making of public policy by governmental bodies. We understand that seeing board members emerge from a closed room before a meeting begins does not instill public confidence in a fair hearing. Nonetheless, we base our decision on the fact that the record indicates that *no* policy matters were discussed in the adjacent room.

Because the Open Meetings Act is not applicable, we find it unnecessary to decide petitioners' claim to damages pursuant to section 21.6, The Code. We further decline to address the scope of review issue raised by appellee.

AFFIRMED.