No. 85–633. AMREP CORP. *v.* FEDERAL TRADE COMMISSION. C. A. 10th Cir. Certiorari denied. ∎

JUSTICE WHITE, dissenting.

The Federal Trade Commission ordered petitioner to cease various unfair trade practices in selling land, and required, among other things, that petitioner send all customers still under land sale contracts with it a letter disclosing that the Commission had brought an action against petitioner and explaining possible courses of action the customers 'might take. The United States Court of Appeals for the Tenth Circuit affirmed the Commission's order over petitioner's objection that the notification order was not within the Commission's remedial authority under §5 of the Federal Trade Commission Act, 38 Stat. 719, as amended, 15 U. S. C. §45. 768 F. 2d 1171 (1985). The Tenth Circuit's decision is at odds with decisions of the Fourth and Ninth Circuits holding that §5 authorizes only cease-and-desist orders, and not notification orders. See *Barrett Carpet Mills, Inc.* v. *Consumer Product Safety Comm'n*, 635 F. 2d 299 (CA4 1980); *Congoleum Industries, Inc.* v. *Consumer Product Safety Comm'n*, 602 F. 2d 220 (CA9 1979).* I would grant certiorari to resolve this apparent conflict.

*The decisions in *Barrett* and *Congoleum* are interpretations of the powers of the Consumer Product Safety Commission under the Flammable Fabrics Act, 15 U. S. C. §1191 *et seq.* Since 15 U. S. C. §1194 incorporates §5 of the Federal Trade Commission Act by reference, *Barrett* and *Congoleum* are effectively interpretations of the scope of §5.