Clay GAVIN, Appellant,

v.

The CITY OF CASCADE, Iowa; A. Francis Manternach; Kenneth McDermott; Pat Lyons and Gloria Reiter, Appellees.

No. 91–1925.

Court of Appeals of Iowa.

March 30, 1993.

C.J. May, III of Reynolds & Kenline Law Office, Dubuque, for appellant.

Marc Casey of Moss, Heims & Casey, Dyersville, and William C. Fuerste of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellees.

Considered by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

The City of Cascade, Iowa, has a mayor-council form of government. The mayor is a non-voting member of the city council. At all times material, the mayor of Cascade was A. Francis Manternach. The city council members were Clay Gavin, Kenneth McDermott, Patrick Lyons, Gloria Reiter and Richard Noonan.

Gavin brought the present suit claiming Manternach, McDermott, Lyons and Reiter violated the open meetings law of Iowa Code chapter 21.

The first transaction in question occurred on August 14, 1989. The city had entered into a contract with Dan Conrad to extend sewer service to a subdivision. Conrad hired Charles Koppes to do the excavating. While excavating, Koppes unexpectedly hit very hard rock. Koppes contacted Manternach and told him there would be additional costs to dig through the rock.

Manternach and council member McDermott met at the site. McDermott expressed his opinion it was appropriate to continue excavating and the city would incur the additional expenses if other council members also thought it appropriate. Manternach then contacted Lyons at his place of business and he contacted Reiter by telephone. Based on these conversations, Manternach told Koppes to proceed with removal of the rock and to bill the city.

The city council discussed the payment of the bill at a meeting on December 11, 1989. The council voted to approve the bill at a

regular meeting held on December 26, 1989.

The second transaction occurred in September 1989. The city superintendent, Joe Merfeld, had authority to make purchases which did not exceed $250. In September 1989, Merfeld had an opportunity to purchase for $240 some rock to use as street base. Merfeld contacted Manternach for his opinion. Manternach, McDermott and Lyons went together to view the rock. Manternach also telephoned Reiter for her opinion. Manternach subsequently told Merfeld to go ahead with the transaction.

Merfeld later presented the bill to the city council. It was approved at a regular meeting held on October 24, 1989.

On April 5, 1990, Gavin filed this petition as an individual alleging defendants had violated the open meetings law by the transactions of August 14, 1989, and September 1989. He filed a motion for summary judgment which the district court denied. The district court held a genuine issue of fact existed as to whether the two transactions constituted a "meeting" under chapter 21.

A trial on the merits was held. On September 26, 1991, the district court filed its findings of fact and conclusions of law. The court concluded no meeting was held as defined by section 21.2(2) on either August 14, 1989, or September 1989. Therefore, the provisions of chapter 21 were not violated by the mayor and the council members. The district court dismissed Gavin's petition.

Gavin filed a rule 179(b) motion. On November 18, 1991, the district court enlarged its findings and conclusions to find the City of Cascade had not violated chapter 21 of the Iowa Code.

Gavin has filed this appeal.

■ I. Actions to enforce chapter 21 are ordinary actions at law. *See Telegraph Herald, Inc. v. City of Dubuque*, 297 N.W.2d 529, 533 (Iowa 1980). The district court's findings are binding if supported by substantial evidence. *Id.*

II. Gavin contends the district court should not have dismissed his motion for summary judgment. He states he had shown, by depositions and affidavits, three of the five council members had given their permission to Manternach to tell Koppes to proceed with the excavating and this conduct constituted a "meeting" under section 21.2(2). He points out the city council members did not follow any of the formal requirements for a meeting found in chapter 21.

■ In reviewing a ruling on a motion for summary judgment, our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. *Adam v. Mt. Pleasant Bank & Trust Co.*, 355 N.W.2d 868, 872 (Iowa 1984). The district court must examine, in the light most favorable to the party opposing the motion, the entire record before it, including the pleadings, admissions, depositions, answers to interrogatories and affidavits, if any, to determine for itself whether any genuine issue of material fact is generated thereby. *Id.*

■ We affirm the district court's decision to dismiss Gavin's motion for summary judgment. We agree with the district court's determination there was a genuine issue of material fact concerning whether a meeting had taken place on August 14, 1989.

III. Gavin also contends the district court erred in finding no meeting occurred on August 14, 1989. He claims the district court's conclusion is not supported by substantial evidence and he is entitled to a judgment in his favor as a matter of law. Gavin claims the court failed to implement section 21.6(2). Section 21.6(2) provides:

Once a party seeking judicial enforcement of this chapter demonstrates to the court that the body in question is subject to the requirements of this chapter and has held a closed session, the burden of going forward shall be on the body and its members to demonstrate compliance with the requirements of this chapter.

■ This section changes the burden of going forward with the evidence rather than shifting the burden of proof from

plaintiffs to defendants. *KCOB/KLVN, Inc. v. Jasper County Bd. of Supervisors,* 473 N.W.2d 171, 177 (Iowa 1991). A plaintiff must show substantive proof of a secret meeting rather than mere speculation in order to shift the burden of going forward. *Id.*

We determine section 21.6(2) does not apply unless a meeting, as defined by section 21.2(2), has taken place. Section 21.2(2) provides:

> *"Meeting"* means a gathering in person or by electronic means, formal or informal, of a majority of the members of a governmental body where there is deliberation or action upon any matter within the scope of the governmental body's policy-making duties. Meetings shall not include a gathering of members of a governmental body for purely ministerial or social purposes when there is no discussion of policy or no intent to avoid the purposes of the chapter.

The statute only applies to a gathering of a majority of the members of a governmental body. *Wedergren v. Board of Directors,* 307 N.W.2d 12, 18 (Iowa 1981). Activities of a governmental body's individual members to secure information to be reported and acted upon at an open meeting ordinarily do not violate the statute. *Telegraph Herald, Inc. v. City of Dubuque,* 297 N.W.2d 529, 534 (Iowa 1980).

The present situation is somewhat similar to the situation in *Wedergren v. Board of Directors.* In *Wedergren,* three members of a five-member board contacted each other at various times. *Wedergren,* 307 N.W.2d at 18. However, only two met at any one time. *Id.* The supreme court concluded the gathering of two members of the five-member board did not constitute a "meeting" under the statute. *Id.*

Under the facts of the present case, Manternach contacted city council members McDermott, Lyons and Reiter individually. No two city council members met together at any one time. We conclude Gavin has failed to show a meeting, as defined by section 21.2(2), took place on August 14,

1989. We affirm the district court on this issue.

IV. Finally, Gavin contends the district court erred in finding no meeting occurred in September 1989. Defendants admit on this occasion Manternach, McDermott and Lyons went together to view the rock, which the city superintendent, Merfeld, was considering purchasing. Gavin again claims he is entitled to a judgment in his favor as a matter of law.

We first question whether a gathering of Manternach, McDermott and Lyons constituted a majority of the city council. While Manternach was technically a member of the city council, he was a non-voting member.

However, even if we assume a majority of the city council did gather, it is necessary to determine if deliberation or action upon any matter within the scope of the governmental body's policy-making duties took place at this gathering and whether there was an intent to avoid the purposes of chapter 21. *See Hettinga v. Dallas County Bd. of Adjustment,* 375 N.W.2d 293, 295 (Iowa App.1985). Thus, the issue of intent is relevant to determine whether a "meeting" has occurred. *KCOB/KLVN,* 473 N.W.2d at 175.

We find no evidence any deliberation or action took place when the men met at the rock. Both Manternach and Lyons testified they did not discuss the proposed purchase of the rock at the time, but later individually expressed their opinions to Merfeld. We also find no evidence of any intent to avoid the purposes of chapter 21 in the facts before us. We conclude Gavin has failed to show he is entitled to a judgment in his favor as a matter of law.

Having considered all of the issues presented in this appeal, we affirm the decision of the district court. Costs of this appeal are assessed to Clay Gavin.

**AFFIRMED.**