Dear Delegate Getty:
You have requested our opinion on two issues related to electronic mail ("e-mail") communications among members of a public body. Your specific questions are as follows:
1. Does the Maryland Open Meetings Act prohibit e-mail communications among a quorum of members of a public body?
2. Does the Maryland Public Information Act apply to e-mail communications?
Our opinion is as follows:
1. The Open Meetings Act does not apply to e-mail communications among members of a public body, unless a quorum of a public body is engaged in a simultaneous exchange of e-mail on a matter of public business.
2. The Public Information Act applies to an electronically stored e-mail message or a hard copy of the message in the custody and control of a public officer or employee, if the message is related to the conduct of public business.
 I Background
According to the materials provided us by the Carroll County Attorney's Office, various members of the Carroll County Planning Commission sent e-mail messages to one another on February 11 and February 12, 1996, concerning a matter then before the Commission. As County officials, the members of the Planning Commission had e-mail addresses through a service provided by the Carroll County Public Library.
The matter in question was on the agenda of the Commission's February 20 meeting. The exchange of e-mail involved expressions of concern by Commission members and suggestions on how to deal with potential problems. For example, on February 11 one member expressed the need to establish criteria for deciding requests of that kind. The next day, an e-mail message from a second member expressed agreement with those concerns. Another e-mail message later on February 12 summarized a possible motion that a member might make.
Each message header contains its date and time. This information reflects the fact that the Planning Commission members were not simultaneously sitting at computers, exchanging thoughts as if they were engaged in a telephone conversation. Rather, the time intervals indicate that these communications were essentially an exchange of written notes.
 II Open Meetings Act
Every requirement in the Open Meetings Act is linked to a public body's holding a "meeting." See §§ 10-505, 10-506, 10-507, 10-508(d), and 10-509 of the State Government ("SG") Article, Maryland Code.
The term "meet" means "to convene a quorum of public body for the consideration or transaction of public business." SG § 10-502(g). A "quorum" is either "a majority of the members of a public body" or "any different number that law requires." SG § 10-502(k). If a quorum of a public body is not "convened," the Act does not apply. See City of College Park v. Cotter,309 Md. 573, 595 n. 32, 525 A.2d 1059 (1987).
The term "convene," though not defined in the statute, means "to call together; to cause to assemble; to convoke." Black's LawDictionary 330 (6th ed. 1989). See Application of Lamb,169 A.2d 822, 830-31 (N.J.Super.Ct. App. Div. 1961). The term "quorum" itself likewise connotes the assembling of the members of a body: "The quorum of a body may be defined to be that number of the body, which, when assembled in their properplace, will enable them to transact their proper business, or in other words that number that makes the lawful body, and gives them the power to pass a law or ordinance." Heiskell v. Mayorand City Council, 65 Md. 125, 149, 4 A. 116 (1886). "[T]he word `quorum' implies a meeting, and the action must be group action, not merely an action of a particular number of members as individuals." Alonzo v. Louisiana Dep't of Highways,268 So.2d 52, 54 (La.App. 1972) (internal quotation marks omitted). Seealso Gavin v. City of Cascade, 500 N.W.2d 729, 732 (Iowa App. 1993); State ex rel. Stephan v. County Comm'rs, 770 P.2d 455,457 (Kan. 1989). Cf. Farnoli v. Cianci, 397 A.2d 68, 76 (R.I. 1979) (council member who was in the doorway of council chamber but had absented himself from the assembly of council members was not "present" for purposes of a quorum).
Thus, the Open Meetings Act does not apply to forms of interchange among members of a public body that do not amount to a "convening" — the assembly that characterizes a quorum. As Attorney General Sachs observed, "the Open Meetings Law sets out certain requirements that an agency must follow once a quorum is present for the consideration or the transaction of public business. . . . The Open Meetings Law does not prescribe the circumstances under which a quorum is required in the first place." 71 Opinions of the Attorney General 26, 29 n. 2 (1986).
It may be that a particular public body is required to make decisions, or even conduct certain business, only in meetings. But such a limitation, if there is one, would derive from the particular law establishing the agency and delineating its procedures, not from the Open Meetings Act.[1] Like the federal Government in the Sunshine Act, the Open Meetings Act "mandates only that, when an agency holds meetings, they must be open to the public. It does not require agencies to hold meetings. . . ."Amrep Corp. v. FTC, 768 F.2d 1171, 1178 (10th Cir. 1985),cert. denied, 475 U.S. 1034 (1986).
This office has advised, for example, that in the absence of a law prohibiting decision-making outside of a meeting, a public body may make decisions through the circulation of written memoranda. Letter from Jack Schwartz, Chief Counsel for Opinions and Advice, to Jeffrey S. Getty, Esquire, City Attorney of Frostburg (July 11, 1995). The Open Meetings Act does not apply to an exchange of paper, because such an exchange does not "convene a quorum of a public body" and is therefore not a "meeting." In other words, because the Open Meetings Act does not address decision-making outside of a "meeting," it does not itself prohibit this method of conducting public business.[2]
We see no reason to reach a different conclusion when the medium of sequential exchange is electronic mail, rather than conventional writings. On the facts as we understand them, each member of the Carroll County Planning Commission opened the electronic folder containing his or her e-mail at a convenient time, much as the member would open an envelope containing writings. The member would then reply in writing, treating the previously received message no differently than if the communication had arrived in the mail. In this respect, the e-mail exchanges were substantively "indistinguishable from letters or memoranda." Armstrong v. Executive Office of thePresident, 1 F.3d 1274, 1279 (D.C. Cir. 1993). The difference, of course, is that e-mail dramatically shortens the transmission time for the messages and permits easier distribution to a group of recipients, e-mail thus encourages the sharing of ideas. But in terms of the Open Meetings Act, there is still no "conven[ing of] a quorum of a public body."
To be sure, e-mail could conceivably be the medium of exchange when a quorum of a public body has convened. If the members of a public body are able to use e-mail for "real time" simultaneous interchange, the result would be different. Then the analogy would be to a telephone conference call, the hallmark of which is the capacity for immediate group interaction and which can constitute a "meeting" under the Open Meetings Act. See
Office of the Attorney General, Open Meetings Act Manual 6 (2d ed. 1995) (citing legislative history of federal Government in the Sunshine Act). But that is not what occurred here.
 III Public Information Act
The Maryland Public Information Act applies to a "public record." That term means "the original and any copy of any document or material that . . . is made by a unit or instrumentality of the State government or of a political subdivision or received by the unit or instrumentality in connection with the transaction of public business." SG § 10-611(f)(1)(i). A "public record" can be "in any form, including . . . a computerized record." SG § 10-611(f)(1)(ii).
An e-mail message surely falls within this definition. If a printed version of a message is retained, that paper will itself be a "public record." But even if the message was never printed, the version of the e-mail message retained in the computer's storage would also be a "public record." Cf. Armstrong v.Executive Office of the President, 1 F.3d at 1283 (electronic version of e-mail message is a "record" under the Federal Records Act). See generally Daniel F. Hunter, Note, Electronic Mail andMichigan's Public Disclosure Laws: The Argument for Public Accessto Governmental Electronic Mail, 28 U. Mich. J. L. Ref. 977 (1995).
We gather from the transmission data about the e-mail messages in question here that each message, although originating from the home computer of a member of the Planning Commission, was sent to the Commission's support staff in county government. Once in the custody of the agency, the e-mail messages could be sought through a written request to the agency. SG § 10-614. However, even were that not so, e-mail messages among members of the Commission pertaining to Commission business would be public records, albeit housed only in the home computers of the members. Each member would then be the "custodian" of the e-mail messages, because each member would have "physical custody and control of a public record." SG § 10-611(c)(2).
Despite the label, not all "public records" are necessarily open to public inspection. An e-mail message, like any other public record, may be subject to an exemption in the Public Information Act that either authorizes or requires the custodian to withhold the record from someone who requests access to it.See SG §§ 10-615 through 10-618. For example, an exchange of e-mail messages among the members of a public body prior to a decision might well contain the kind of deliberative material that is exempt from disclosure under SG § 10-618(b). See generally
Office of the Attorney General, Public Information Act Manual
21-23 (6th ed. 1993).
Finally, the Public Information Act does not itself impose any requirements related to the retention of records, in electronic form or otherwise. Record retention requirements flow from other law and agency policy. For example, the State Archivist has adopted regulations requiring all State and local agencies to "ensure that all electronic records created by that agency . . . are covered by an official [records retention] schedule. . . ." COMAR 14.18.04.04A(3).[3] We are unable to say, however, whether these schedules adequately address the phenomenon of e-mail messages that are commonly retained only for a short time in a computer's storage.[4]
 IV Conclusion
In summary, it is our opinion that:
1. The Open Meetings Act does not apply to e-mail communications among members of a public body, unless a quorum of a public body is engaged in a simultaneous exchange of e-mail on a matter of public business.
2. The Public Information Act applies to an electronically stored e-mail message or a hard copy of the message in the custody and control of a public officer or employee, if the message is related to the conduct of public business.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Jack Schwartz Chief Counsel Opinions Advice
[1] For example, Article 66B, § 3.07 of the Code would undoubtedly be construed to require a planning commission to approve a plan only at a meeting.
[2] This conclusion is supported by a series of federal cases. See Amrep Corp. v. FTC, 768 F.2d at 1178-79; RailroadComm'n v. United States, 765 F.2d 221, 230 D.C. Cir. 1985); CommonCause v. NRC, 674 F.2d 921, 935 n. 42 (D.C. Cir. 1982); PacificLegal Foundation v. CEQ, 636 F.2d 1259, 1266 (D.C. Cir. 1980);Communications Systems, Inc. v. FCC, 595 F.2d 797, 799-800 (D.C. Cir. 1978). See also T.S.C. Motor Freight Lines, Inc. v. UnitedStates, 186 F. Supp. 777, 785-86 (S.D. Tex. 1960) (three-judge court), aff'd sub nom. Herrin Transportation Co. v. United States,366 U.S. 419 (1961) (statutory quorum requirement does not restrict decision-making to meetings). Of course, if a public body's governing statute prohibits notational voting, that statutory restriction would control. State ex rel. PhilippTransit Lines, Inc. v. Public Serv. Comm'n, 552 S.W.2d 696 (Mo. 1977).
[3] An "electronic record" is "any government information recorded in machine readable form." COMAR 14.18.04.03B(7). A "record," for purposes of records retention and disposition schedules, is "any documentary material in any form or format including . . . electronic record . . ." created or received by an agency in the course of its public business. COMAR14.18.02.01B(5).
[4] Most e-mail messages presumably do not meet the standards of "archival value" that would justify their preservation. See
COMAR 14.18.02.02F. However, some might have potential historical or legal value.
 *Page 147