Patricia Ruth BARRETT, Appellant,

v.

Marlin LODE, Robert Peterson, Doug Radke, and Ron Anderson, Appellees.

No. 97–2266.

Supreme Court of Iowa.

Dec. 22, 1999.

Robert K. DuPuy, Joel H. Dorman, and Jeffrey L. Goodman of Pingel & Templer, P.L.C., West Des Moines, for appellant.

Thomas J. Whorley and Keith G. Thompson of Wolff, Whorley, De Hoogh & Thompson, Sheldon, for appellees.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

CARTER, Justice.

Plaintiff, Patricia Ruth Barrett, a member of the board of directors of the Aurelia Community School District, appeals from the district court's grant of summary judgment in favor of other board members and the school district's superintendent in an action alleging violations of the Iowa Open Meetings Act, Iowa Code ch. 21 (1993).

Plaintiff contends that the district court erred in finding that (1) the meeting agendas for the November 14, 1994 and January 9, 1995 school board meetings sufficiently apprised the public of the issues the board intended to discuss; (2) the board could not be held liable for the actions of the district superintendent in arranging to hold a de facto closed meeting; and (3) the superintendent was not subject to sanction under chapter 21.

After reviewing the record and considering the arguments presented, we affirm the ruling of the district court determining that the superintendent could not be found to have violated the open meetings act. We reverse that portion of the district court's order granting summary judgment on the claims against the defendant directors and remand the matter for further proceedings on those claims.

In November 1994 and January 1995 the board of directors of the Aurelia Community School District included the plaintiff; defendants, Robert Peterson, Doug Radke, and Ron Anderson; and Jack Galvin, who is not a party to this action. The district's superintendent was Marlin Lode. Prior to the board's November 14, 1994 meeting, an agenda was issued stating that one topic of discussion would be the "mid-semester review of administrative performance." Attached to the agenda received by each of the board members was a letter to the board from Lode advising that one of the board members had recommended that this topic be discussed in closed session pursuant to Iowa Code section 21.5(1)(i) unless the press cooperated and volunteered to leave and that the discussion would include the administrative needs for the next school year.

The motion papers included the deposition of a reporter for the local newspaper who testified that, at the November 14 meeting, she had a discussion with Lode around 11 p.m. in which he stated that she would have to leave the meeting because the board was going into closed session. When the reporter left, the board conclud-

ed that, because no one else was present, it would remain in open session. The reporter's deposition testimony also stated that a similar scenario occurred at the January 9, 1995 meeting, when the board reached the point on the agenda designated as "evaluation of superintendent." Lode filed an affidavit denying that he had asked the reporter to leave on either occasion. On both occasions, the story that the reporter wrote contemporaneously with the event indicated that the board had gone into closed session on the issue of administrative evaluation.

Plaintiff brought this action against the other board members and Lode, alleging they had violated the open meetings act in several particulars including failure to include in its posted agenda policy issues intended to be discussed and arranging for a de facto closed meeting without a prior vote and without tape recording the proceedings. The district court granted Lode's summary judgment motion on the basis that he was not a member of the board conducting the meeting and thus not subject to the requirements of chapter 21. Later, the court granted a motion for summary judgment filed on behalf of the board-member defendants and denied a motion for summary judgment filed by plaintiff. The court concluded that, in light of the surrounding events, the agendas for these meetings reasonably apprised the public that the discussion would include topics outside review of administrative performance and evaluation of the superintendent. The court concluded that the meetings were not closed because none of the board members asked a member of the public to leave. It found that the board was not responsible for Lode's actions in this regard. Other facts that bear on our decision will be detailed in connection with our discussion of the legal issues presented.

## I. *The Summary Judgment Dismissing the Superintendent.*

In a separate ruling, the district court granted summary judgment in favor of the district's superintendent who had been included as a defendant in this action alleging violation of the open meetings act and seeking sanctions. The district court concluded that, the act affects the actions of governmental bodies and only authorizes sanctions against members of those bodies. To the extent that violations of the open meetings act by a governmental body were alleged, the court found that this body would be the school's board of directors. Iowa Code § 21.2(1)(b) (governmental body means a board, council, commission, or other governing body of a political subdivision or tax-supported district). The superintendent is not a member of the board. Remedies for violation of the open meetings act may only be visited upon those "member[s] of the governmental body who participated in [the] violation." Iowa Code § 21.6(3)(a).

 Plaintiff urges that the superintendent should also be subject to sanction because, although not allowed to vote, he regularly attends meetings, steers the deliberations, and is a person primarily responsible for the preparation and dissemination of the school board's meeting agenda. She urges that to allow such an active participant to escape being subject to the provisions of the open meetings act, particularly when agenda violations are alleged, defeats the policy underlying the open meetings act.

We are convinced that the district court was correct in concluding that only members of the governmental body conducting the meeting are subject to the provisions of the open meetings act. The statutory language is clear that this is so. Moreover, we are not persuaded that limiting the requirements and sanctions of the open meetings act to those persons having policy-making authority is inconsistent with the purposes of this legislation. The district court correctly dismissed the claim against the superintendent.

## II. *Whether the Board Violated the Open Meetings Act at the November 14 Meeting.*

■ A. *The adequacy of the agenda for the November 14 meeting.* Plaintiff urges that the district court erred in concluding that, based on the undisputed facts, the contents of the agenda posted for the November 14 meeting was not in violation of the open meetings act. The eighth item listed on that agenda under new business (designated as item 8H) read as follows:

Discussion—Do mid-semester review of administrative performance (May go into closed session as provided in Chapter 21.5(1)(i) of the Open Meetings Law).

A copy of this agenda was delivered to each member of the board along with a memorandum from Lode that stated with respect to item 8H:

Bob [the president of the board] suggested that we hold a closed session to discuss administrative needs for next year. We can discuss this in closed session as part of an evaluation of the superintendent's performance or appointment. If the press cooperate, they could volunteer to leave. If not, I recommend that someone make the following motion: "I move that we hold a closed session as provided in section 21.5(1)(i) of the Open Meetings law in order to evaluate the performance of an individual." If we are in closed session, the proceedings need to be taped.

■ In reviewing the pleadings, affidavits, and depositions on file, the district court concluded that the facts were relatively undisputed. In discussing the undisputed facts with respect to agenda item 8H, the court stated:

The Board's discussion of that item encompassed not only Lode's past performance but also his potential ability to handle the Aurelia District's needs full time. At the time, Aurelia shared Lode as superintendent with the Galva Holstein District, which had recently offered him a full-time position. Defendants all admitted that they anticipated their discussion would be broader than an ordinary performance evaluation because of this development and the end of other sharing agreements with the Alta District.

To obtain a grant of summary judgment on some issue in an action, the moving party must affirmatively establish the existence of undisputed facts entitling that party to a particular result under controlling law. *Griglione v. Martin,* 525 N.W.2d 810, 813 (Iowa 1994); *Goodwin v. City of Bloomfield,* 203 N.W.2d 582, 588 (Iowa 1973). We agree with the district court's synopsis of the undisputed facts on this issue. We disagree with its conclusion that, based on these undisputed facts, the members of the board did not violate the open meetings act with respect to agenda item 8H.

Iowa Code section 21.4(1) provides:

A governmental body … shall give notice of the time, date, and place of each meeting, and its tentative agenda, in a manner reasonably calculated to apprise the public of that information. Reasonable notice shall include advising the news media who have filed a request for notice with the governmental body and posting the notice on a bulletin board or other prominent place which is easily accessible to the public and clearly designated for that purpose. . . .

We considered the application of this statute within the context of an open meetings act challenge in *KCOB/KLVN, Inc. v. Jasper County Bd. of Supervisors,* 473 N.W.2d 171 (Iowa 1991). We stated in that action that, in resolving such a challenge,

[t]he issue to be resolved is not whether the notice given by the governmental body could have been improved, but whether the notice sufficiently apprised the public and gave full opportunity for public knowledge and participation. In determining whether the public was sufficiently apprised, we may consider the

public's knowledge of an issue and actual participation in events in light of the history and background of that issue. *KCOB/KLVN*, 473 N.W.2d at 173.

We held in the *KCOB/KLVN* case that an agenda item identifying by name a county employee being considered for termination as a result of action taken at a prior meeting of the board of supervisors and also identifying the agency with whom the board had contracted with respect to such personnel matters was adequate to convey to the public and the press that the matter of the employee's termination would be considered at the meeting. *Id.* The district court relied on our decision in *KCOB/KLVN* in concluding that agenda item 8H for the November 14 meeting was sufficient to reasonably apprise the public of the intended discussion. Not surprisingly, the defendants also rely on the *KCOB/KLVN* decision in seeking to uphold the district court's ruling.

■ Our review of the *KCOB/KLVN* decision convinces us that the opinion does not provide a basis for excusing an agenda item omission on the ground that the public and the press were already familiar with the subject that has been omitted. The case holds that the adequacy of the notice must be determined on the basis of what the words in the agenda would mean to a typical citizen or member of the press who reads it. *Id.* In applying this standard to the challenged agenda item in the present case, we find nothing that would advise members of the public or the press that the administrative needs of the district with respect to the hiring of a full-time superintendent and the abandonment of a sharing arrangement with another school district would be topics to be discussed at the meeting. We hold, as a matter of law, that agenda item 8H was a violation of section 21.4(1) of the open meetings act. Consequently, the district court should have sustained plaintiff's motion for summary judgment on this alleged violation rather than defendants' motion. On remand, the district court shall impose appropriate sanctions pursuant to section 21.6(3)(a).

In so holding, we also reject the contention of defendants that the discussion of administrative needs for the coming year would be so inextricably linked with the proposed evaluation of the superintendent in closed session that this topic did not need to be shown on the agenda or discussed in the public portion of the meeting. What was done was not a random reference to a prospective administrative issue as part of evaluating the superintendent's past performance in closed session. Rather, what occurred was a deliberate decision to discuss an additional topic without showing it on the agenda. We condemned that practice in *KCOB/KLVN*. *KCOB/KLVN*, 473 N.W.2d at 174 ("an item not included on the agenda cannot be discussed if the governmental body had predetermined to discuss an item and omit it from the agenda"). We also reject the contention that any failure to include this item on the agenda was cured by placing it on the agenda of a later meeting.

■ B. *Whether the board arranged for a de facto closed meeting by asking persons present to leave.* Our review of the motion papers reveals that a genuine issue of material fact exists concerning plaintiff's additional claim that the board improperly arranged for a de facto closed meeting by asking persons present to leave. The district court rejected this claim on the basis that any conversation between superintendent Lode and the member of the press who at the time was the only person remaining in the room was out of the hearing of the board members. Notwithstanding that fact, we believe that a finder of fact could conclude that Lode was acting on behalf of and with the knowledge of the board members.

A school superintendent is an administrative employee who may act on behalf of the board with respect to matters affecting the meeting. *See* Iowa Code § 279.20. Superintendent Lode's intention to ask the

press to voluntarily leave had been communicated to the board members prior to the meeting by a memorandum. That memorandum suggests that the proposed course of action had been the suggestion of the president of the board. There is no indication in the record that any member of the board, other than plaintiff, attempted to dissuade the superintendent from the course of action that he had proposed.[1] Under these circumstances, the members of the board bear responsibility for the superintendent's proposed actions if he carried them out.

If Lode, with knowledge of the defendant board members, did act to cause the reporter to leave by suggesting that the board was going into closed session, a fact finder could find that a de facto closed meeting was created. If that occurred, the defendant board members would be guilty of three additional violations of the open meetings act for not taking a vote to hold a closed meeting, for not tape recording that portion of the meeting, and for considering an item in a closed meeting that was required to be taken up in an open meeting. *See* Iowa Code §§ 21.5(1), (4).

### III. *Alleged Violations of the Open Meetings Act at the January 9 Meeting.*

 Barrett also alleges that the board was guilty of an agenda violation and of arranging for a de facto closed meeting with regard to its January 9 meeting. The agenda item (designated as 8G) reads as follows:

8G Conduct evaluation of superintendent (May go into closed session as provided in Section 21.5(1)(i) of Iowa Code).

A memorandum accompanying the agenda suggested the format for evaluation of the superintendent and did not indicate that other matters would be discussed when this topic was taken up. The record does not contain direct evidence of an intention to exclude other policy matters that the board intended to discuss from the agenda in the portion of the meeting in which it evaluated the superintendent's performance. There was evidence that after everyone but Lode and the members of the board had left the meeting the board did in fact discuss matters of policy other than the evaluation of the superintendent. Whether the board members intended this additional discussion to take place at the time the agenda was prepared is an issue of fact that may not be resolved by summary judgment. Of course, if the board did agree to discuss policy matters not involving the evaluation of the superintendent and omitted those topics from the agenda, this would be a violation of the notice requirements of section 21.4(1). *KCOB/KLVN,* 473 N.W.2d at 174 ("an item not included on the agenda cannot be discussed if the governmental body had predetermined to discuss an item and omit it from the agenda"). Moreover, even if the discussion of additional matter was not contemplated when the agenda was prepared, that discussion would be a violation of the act unless found to be an emergency item. *See id.* at 174 (requiring board to defer discussion on issues not included in the tentative agenda unless the new item is an emergency).

Concerning the claim involving the arrangement of a de facto closed meeting on January 9, the reporter for the local paper states in her deposition testimony that the superintendent asked her to leave when item 8G came up for consideration. Superintendent Lode denies that he did so in an affidavit that he filed. Whether an act to exclude the reporter occurred and was within the knowledge of the board are factual issues that cannot be resolved by summary judgment. If the reporter's testimony is believed and if the board was aware of Lode's actions, this would estab-

---

1. Plaintiff does not contend that she spoke to the superintendent about her concerns over the proposed course of action. She does maintain, however, that she spoke to the president of the school board about those concerns and was rebuffed by him.

lish additional violations of the open meetings act.

## IV. *Summary.*

In considering the issues presented, we conclude that the undisputed facts establish as a matter of law that the board was guilty of a violation of the open meetings act by omitting from its agenda a topic intended to be discussed at the November 14 meeting. On remand, the district court shall sustain plaintiff's motion for summary judgment as to this allegation. Genuine issues of material fact exist as to the additional violations alleged involving arranging for a de facto closed meeting on November 14.

With respect to the January 9 meeting of the board, genuine issues of material fact exist with respect to both the allegation of a defective agenda and the allegation of arranging for a de facto closed meeting. The judgment of the district court is affirmed with respect to its dismissal of the claim against Marlin Lode. It is reversed with respect to its dismissal of the claims against the other defendants, and the case is remanded for further proceedings in accordance with this opinion.[2]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

2. Discussion arose during oral argument concerning whether the plaintiff Barrett would also be responsible for any open meetings act violations found to exist. She may not be found to be responsible in the present action because no one has asserted a claim against her.