W. J. WOODCOCK, Appellee, v. THE WABASH RAILWAY COMPANY, Appellant; MARY E. WHITMORE, Appellee, v. THE WABASH RAILWAY COMPANY, Appellant; J. A. CLARKE, Appellee, v. THE WABASH RAILWAY COMPANY, Appellant, and P. E. ENIX, Appellee, v. THE WABASH RAILWAY COMPANY, Appellant.

Condemnation: APPEAL: TAXATION OF ATTORNEY'S FEES. The district court, after affirmance of its judgment in a condemnation proceeding, has no jurisdiction to tax attorney's fees or other costs incident to the appeal.

*Appeal from Monroe District Court.*— HON. M. A. ROBERTS, Judge.

THURSDAY, OCTOBER 17, 1907.

THESE four cases, while separately tried and determined in the lower court and submitted here separately, involve the same question, and will be disposed of in one opinion. They involve the validity of an order taxing attorney's fees for plaintiff's attorneys against defendant for services rendered in this court upon appeal from the district court. The defendant in each case appeals from the orders taxing such fees.— *Reversed.*

*T. B. Perry,* for appellant.

*Fred Townsend, Ben McCoy,* and *Ralph T. Mason,* for appellees.

DEEMER, J.— Each of these cases was a condemnation proceeding commenced by defendant to acquire a right of way for its railroad. From the amount awarded by the sheriff's jury, the railway company appealed to the district court, and upon trial in the district court the award was increased and the costs, including reasonable attorney's fees in each case, were taxed to defendant railway company. The railway company appealed each case to this court, where the judgments were affirmed. *Procedendo* in the usual form were issued and filed in the district court and thereafter each plaintiff filed a motion in the district court asking for the taxation of additional attorney's fees for services rendered in this court upon appeal. These motions were each sustained, and additional fees taxed in the district court as prayed.

Appeal simply involves a construction of section 2007 of the Code, which provides: " The corporation shall pay all the costs of the assessments made by the commissioners and those occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the commissioners." Without this section plaintiffs would not be entitled to have attorney's fees taxed to defendant for services either here or in the district court, as such fees are not, in the absence of statute, regarded as taxable costs. *Wormely v. Railroad Co.,* 120 Iowa, 684. See, also, *Mellichar v. Iowa City,* 116 Iowa, 390. Going now to the statute as the source of authority for the rulings of the district court, we find that in terms it relates to appeals from the sheriff's jury or commissioners to the district court, and not except by implication to appeals to this court.

The costs and attorney's fees therein referred to relate to costs made by the commissioners and those occasioned by the appeal. to the district court, including attorney's fees. The provision relating to costs in this court is found in another section of the Code, and this does not provide for an attorney's fee. See Code, section 4142, and practice rule 97 of this court, and *Mellichar v. Iowa City, supra.*

Some of the members of the court are of opinion that attorney's fees may be taxed upon appeal to this court for services here in virtue of section 2007; but we are all agreed that, if taxable at all, they should be taxed here, and that the district court has no jurisdiction to do so after affirmance of its judgment here upon appeal. Giving the statute its most liberal interpretation, and assuming that it applies to appeals to this court, it is manifest that the attorney's fees are to be taxed in and by the court to which the appeal is taken, and. not by some other court or tribunal. Upon appeal the district court lost all jurisdiction of the case, and after affirmance it had nothing to do save to carry out and enforce the judgment. No new matter could be introduced into the case in the trial court after affirmance here. Conceding, *arguendo,* that attorney's fees may be taxed for services rendered upon appeal to this court with costs occasioned by the appeal here, it is clear, from a reading of the statute, that these fees are to be taxed by the court to which the appeal is taken. The district court has nothing to do with the costs in this court, and, this being true, it is difficult to see by what right it taxes attorney's fees for services rendered here which are to be included in the costs. These attorney's fees, wherever taxed, are by statute made a part of the costs occasioned by the appeal and if they may be taxed by the district court, so may any other costs of this court. We are all agreed that the district court, after affirmance of its judgment here upon appeal, had no authority or jurisdiction to tax attorney's fees or other costs growing out of the

appeal to this court. There is nothing in *Gano v. Railroad,* 114 Iowa, 713, which runs counter to these views.

It follows that the order allowing attorney's fees for services in this court must in each case be, and it is, *reversed.*