CARLTON C. WILSON et al., Appellees, v. JOSEPH B. FLEMING et al., Trustees, and CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellants.

No. 47128.

(Reported in 32 N. W. 2d 798)

JUNE 15, 1948.

Richard A. Stewart, of Washington, and R. L. Read and A. B. Howland, both of Des Moines, for appellants.

Edmund D. Morrison, Jr., and Alfred E. Baldrige, both of Washington, for appellees.

MULRONEY, C. J.—In Wilson v. Fleming, 239 Iowa 718, 31 N. W. 2d 393, we affirmed the award in favor of the plaintiffs in condemnation proceedings. After the opinion was filed the plaintiffs filed an application for the allowance of attorney fees for services performed by their attorneys in the appeal to this court.

The only question presented by the application is the interpretation of section 472.33, Code, 1946, which provides as follows:

"The applicant shall pay all costs of the assessment made by the commissioners. The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken, provided that in all cases in which the state of Iowa is the applicant, no attorney fee shall be taxed."

The specific question is whether the above statute is authority for the taxation of attorney fees as costs in the supreme court for services performed by plaintiffs' attorneys in connection with the appeal to this court. All authorities agree that attorney fees are not taxable as part of the costs in an action unless specifically authorized by statute. We said in Wormely v. Mason City & Ft. D. Ry. Co., 120 Iowa 684, 685, 95 N. W. 203:

"As a general rule, attorney's fees are not awarded either as damages or as a part of the costs of a proceeding in court. * * * When taxed as costs, it is by reason of some special statutory provision. In order that they may be so taxed, the case must come clearly within the terms of the statute."

It is clear that the quoted statute provides for a conditional award of attorney fees for the landowner's attorneys, for services in connection with the appeal to the district court

920

in a condemnation case. Such an award was made in this case. We do not construe the statute as authorizing a further allowance for services performed by plaintiffs' attorneys in handling their clients' case upon appeal to this court.

No case has been cited where such an attorney fee has been taxed in this court. The court files show that in a number of condemnation cases, applications similar to the one filed in this case have been filed following this court's opinion upon the merits of the appeal. All of such applications have been denied.

We do not find in the statute the specific statutory authority necessary for the taxation of such fees as part of the costs, and the application is therefore denied.—Application denied.

All JUSTICES concur.