**Allen ATHERTON, Appellant,**

**v.**

**STATE CONSERVATION COMMISSION, Acting for the use and benefit of the State of Iowa, Appellee.**

**No. 55305.**

Supreme Court of Iowa.

Jan. 17, 1973.

Webster, Jordan & Oliver, Winterset, for appellant.

Richard C. Turner, Atty. Gen., Clifford E. Peterson, and John I. Adams, Asst. Attys. Gen., for appellee.

Heard before MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and HARRIS, JJ.

HARRIS, Justice.

The landowner appeals a ruling on his application for costs, including attorney's fees, in a condemnation proceeding. The condemnation was abandoned after an appeal was taken to district court. We affirm in part, reverse in part and remand.

The state conservation commission, hereafter called the commission, undertook to condemn a 40 acre tract owned by the plaintiff. The property was to be used as a recreational area. The condemnation commission met on May 15, 1970 and fixed plaintiff's damages at $26,500. Plaintiff and the commission both appealed the award to district court. The commission thereafter abandoned the project and declined to take the property. Plaintiff then brought this application to fix costs, damages and attorney's fees under section 472.-34, The Code:

"Should the applicant (condemnor) decline, at any time after an appeal is taken * * * to take the property and pay the damages awarded, he shall pay, in addition to the costs and damages actually suffered by the landowner, reasonable attorney fees to be taxed by the court."

There is little factual dispute as to the amount of expenses claimed. It was stipulated plaintiff incurred legal expenses of $380 from the beginning of negotiations until an appeal was taken to district court. During the same period plaintiff expended time and mileage in connection with the condemnation in the sum of $114.10. He hired an appraiser whose services were in the sum of $100. Plaintiff expended time and mileage after the appeal was taken in the sum of $75.85. These expenses were reasonable. There is a minor dispute as to attorney's fees incurred after the appeal was taken. The parties stipulated the fair and reasonable value for those services was $1062.50. The trial court rejected all claims except the attorney's fees incurred after

the appeal was taken and fixed their value at $900.

Plaintiff obtained the required certificate under rule 333, Rules of Civil Procedure, which allows him to appeal notwithstanding the limited amount in dispute. In this appeal he claims he should have been allowed his costs and expenses outlined above totaling $594.10 prior to taking the appeal to district court, $75.85 after that appeal was taken and the full $1062.50 stipulated for attorney's fees on appeal.

■ I. "The right of a condemnee to an award of costs on the condemnor's abandonment of an eminent domain proceeding has been said to be purely statutory, and in the absence of a specific statutory provision therefor, there may not be a right to recover such costs. * * *." 30 C.J.S. Eminent Domain § 385, page 437. See also 27 Am.Jur.2d, Eminent Domain, section 465, page 386; 92 A.L.R.2d 355, 360.

■ Compensation is provided a condemnee for his costs, including attorney's fees, in alternative sections of chapter 472, The Code, which prescribes the procedure under eminent domain. Section 472.33 has been amended since these proceedings were instituted. In comparing section 472.33 with section 472.34 we are bound, as was the trial court, to read section 472.33 as it existed in the 1966 Code. A later amendment providing for certain attorney's fees has no effect on this appeal.

■ Section 472.33 provides for reimbursement of out-of-pocket costs where the property is actually taken by condemnation. Section 472.34 provides for such reimbursement where the property is threatened to be taken but eventually is not. Whether made under either section we have consistently rejected claims for such costs as were incurred prior to taking an appeal to district court. Mellichar v. City of Iowa City, 116 Iowa 390, 90 N.W. 86; Iowa Electric Co. v. Scott, 206 Iowa 1217, 220 N.W. 333; City of Ottumwa v. Taylor, 251 Iowa 618, 102 N.W.2d 376; Cf. Peel v.

Burk, 197 N.W.2d 617 (Iowa 1972). In Iowa Electric Co. v. Scott, supra, we said:

"In the light of our prior interpretations the condemnor is liable for reasonable attorney's fees paid or incurred by the landowner, limited, however, to services rendered on the appeal from the findings of the sheriff's jury."

The expenses other than attorney's fees are recoverable under the statute as explained in Mellichar v. City of Iowa City, supra:

"* * * On the abandonment of the proceeding it is but just and equitable that the party attempting to wrest the property from its owner should pay the *expenses of litigation already incurred,* and such is the design of the section (now 472.34) * * *." (Emphasis added)

The opinion proceeded in a separate division to limit only the attorney's fees to those incurred on appeal. No such limitation was expressed for the other "expenses of litigation."

The purpose of section 472.34 is abundantly clear. The situation contemplated by this section is to be contrasted with that presented by the preceding section. It must be conceded this contrast was not always recognized in our earlier cases. We are now convinced however that where property is actually taken the damages fixed and paid an entirely different situation exists. We believe the two sections contemplate such a difference. It is one thing to devise a scheme which presupposes that certain specified costs and expenses inhere in an over-all damage award. This has been the basis for our interpretations of section 472.33. It is quite another thing to consider a separate statute dealing with such costs where there is to be no over-all damage award. Under section 472.34 it cannot be presumed the costs inhere in some other award because the section treats a situation where there will be no over-all award. The purpose of section 472.34 is to restore a landowner to his status quo when a condemnation proceeding previously undertaken against him has been abandoned.

We now hold the costs and expenses reasonably necessary in preparation and in defense against the condemnation are recoverable on abandonment under section 472.34. Any holding, statement or inference to the contrary in Iowa Electric Co. v. Scott, supra, is expressly overruled.

The expenses incurred by plaintiff were reasonable and necessary in his defense. The commission is obligated to pay the sum stipulated and the trial court erred in holding it was not.

II. Plaintiff separately claims the trial court erred in fixing attorney's fees on appeal at $900 being less than the $1062.-50 stipulated as fair by the parties. This was not error. A trial court is permitted to use its own expertise in fixing compensation for attorneys. Jayne v. Jayne, 200 N.W.2d 532 (Iowa 1972). The cause is remanded for entry of a decree in conformity herewith.

Affirmed in part, reversed in part and remanded with instructions.