Lawrence D. GOODWIN, Ellinor Goodwin Green and Robert R. Green, Appellees,

v.

IOWA STATE HIGHWAY COMMISSION, Appellant.

William T. GOODWIN, Individually and as the Executor of the Estate of Gertrude C. Goodwin, Deceased, Appellee,

v.

IOWA STATE HIGHWAY COMMISSION, Appellant.

No. 84–1422.

Supreme Court of Iowa.

June 19, 1985.

Thomas J. Miller, Atty. Gen., and David Ferree, Asst. Atty. Gen., for appellant.

William L. Meardon of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellees.

Considered by REYNOLDSON, C.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

McCORMICK, Justice.

We must decide in this appeal whether statutory damages allowable to a landowner when a condemnor abandons a condemnation are limited to damages incurred in the eminent domain proceeding. In this case the trial court interpreted Iowa Code section 472.34 (1981) as allowing damages incurred by landowners in attacking the project in collateral federal litigation. Upon the appeal by the Iowa State Highway Commission, now the Iowa Department of Transportation (DOT), we agree with the trial court's interpretation of the statute but disallow a portion of the damages. We affirm in part and reverse and remand in part.

Plaintiffs filed an application for compensation under Code section 472.34 after the DOT gave up its effort to take plaintiffs' land in two separate eminent domain proceedings. Section 472.34 provides:

> Should the applicant decline, at any time after an appeal is taken as provided in section 472.18, to take the property and pay the damages awarded, he shall pay, in addition to the costs and damages actually suffered by the landowner, reasonable attorney fees to be taxed by the court.

The land is a 160-acre farm located in Johnson County approximately four miles south of Iowa City. Plaintiffs in one eminent domain proceeding, involving an 80-acre parcel, are Lawrence D. Goodwin and his sister Ellinor Goodwin Green. The plaintiff landowner in the other, involving the remaining 80 acres, is William T. Goodwin, individually and as executor of the estate

of his deceased wife Gertrude C. Goodwin, who also held an interest in the land.

Defendant Iowa State Highway Commission initiated eminent domain proceedings against the land in February 1972. The commission sought to acquire a portion of the farm as part of a project to construct freeway 518. Because the project was to be funded in part by federal funds, it was subject to requirements of the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. §§ 4321–4361.

Plaintiffs appealed to the district court from the compensation commission awards. They and other affected property owners and environmental groups separately brought a federal court lawsuit to enjoin the commission from proceeding with the project because of alleged noncompliance with environmental impact statement requirements of NEPA. They alleged that the route of the freeway would pass through a bluffs system on plaintiffs' property called Indian Lookout. Research by plaintiff Lawrence D. Goodwin demonstrated that Indian Lookout is the oldest named area in Johnson County. It includes a high point that overlooks the Iowa River and Old Man's Creek. Legend associates Indian Lookout with Indians that lived in the area before it was occupied by early settlers. As a result of the Goodwin research, the Indian Lookout site was determined to be eligible for inclusion in the National Registry of Historic Places.

After trial of the federal action, the federal district court enjoined federal and state officials from proceeding with the project pending preparation and consideration of an environmental impact statement for a fourteen mile segment of the route, including plaintiffs' land and the Indian Lookout site. See Indian Lookout Alliance v. Volpe, 345 F.Supp. 1167 (S.D.Iowa 1972). The defendants in the federal action did not appeal, but the plaintiffs appealed on the ground that the environmental impact statement should have been required for the whole 1,877 mile system or at least all of proposed freeway 518. The court of appeals held that the statement should

have been required for an additional twenty-two miles of the route and remanded the case to the district court for further proceedings and modification of its order. See Indian Lookout Alliance v. Volpe, 484 F.2d 11 (8th Cir.1973).

During the pendency of the federal court litigation, the state eminent domain cases were continued from year to year to avoid dismissal under Iowa Rule of Civil Procedure 215.1. In an environmental impact statement completed in 1977, the federal authorities recommended rerouting the freeway to avoid Indian Lookout. Subsequently the state officials decided to move the highway to the west. The condemnation was abandoned by the DOT in 1981. No question has been raised concerning the voluntariness of the abandonment.

Upon hearing plaintiffs' application for costs, damages and attorney fees, the trial court awarded plaintiffs $8,848.18, which included legal expenses in the eminent domain cases, Lawrence's research expenses, and legal expenses in the federal litigation. In this appeal, the DOT contends the court erred in awarding the expenses of Lawrence's research and the federal litigation expense. It relies on two grounds, first that those expenses are not authorized by the statute, and second that they were not reasonable and necessary.

I. *Statutory authority.* The DOT asserts that damages, costs and attorney fees recoverable under section 472.34 are limited to those incurred in the eminent domain proceeding that has been abandoned. It contends that the trial court thus erred in allowing plaintiffs to recover for collateral research and litigation expense.

Several arguments are advanced by the DOT in support of its position. They include analogy to section 472.33, reference to the purpose of section 472.34, reliance on a rule of strict interpretation, and recital of opportunities for abuse.

The DOT calls section 472.34 the other side of the coin to section 472.33. This court has noted that sections 472.33 and 472.34 are alternative sections. Section 472.33 authorizes the landowner to be reim-

bursed for costs and attorney fees in certain circumstances when the property is taken. Section 472.34 provides for reimbursement of costs, damages and attorney fees when the property is not taken. *See Atherton v. State Conservation Commission*, 203 N.W.2d 620, 622 (Iowa 1973).

Reimbursement under the two provisions is not coextensive, however. Section 472.33 limits recovery to costs and attorney fees. Section 472.34 allows recovery for damages as well as costs and attorney fees. As a result, for example, section 472.33 has been interpreted as not allowing an award for attorney fees in the supreme court. *See Wilson v. Fleming*, 239 Iowa 918, 919–20, 32 N.W.2d 798, 798–99 (1948). Yet section 472.34 has been interpreted to allow such fees as damages. *See Wheatley v. City of Fairfield*, 221 Iowa 66, 81–82, 264 N.W. 906, 914 (1936). In addition, a landowner's time, mileage and appraisal expense were held to be reimbursible under section 472.34 in *Atherton*, 203 N.W.2d at 623.

The difference between these provisions was explained in *Atherton*, 203 N.W.2d at 622. Section 472.33 allows narrower recovery because certain costs and expenses are presumed to inhere in the compensation for the property. No such presumption exists when the property is not taken. Section 472.34 allows broader recovery because its purpose "is to restore a landowner to his status quo when a condemnation proceeding previously undertaken against him has been abandoned." *Id.* Thus the DOT's attempt to limit section 472.34 by analogy to section 472.33 is without merit.

The DOT's reference to the purpose of section 472.34 similarly breaks down. It argues that the purpose of the provision is to defeat the abuse of the privilege of eminent domain by discouraging condemning authorities from trying to make the landowner come to terms through the pressure of successive eminent domain proceedings that are not brought to conclusion. This purpose, according to the DOT, is sufficiently accomplished by permitting reimbursement for the expenses of litigating the just compensation issue in those proceedings. The *Atherton* holding demonstrates the statute has a broader purpose. The broader purpose is to allow recovery that will make the landowner whole. Thus section 472.34 provides an economic disincentive to abuse of the eminent domain privilege by the condemning authority and also provides economic protection to the landowner against whom the privilege is abortively exercised.

In arguing for a narrow construction of the statute, the DOT points out that attorney fees are not recoverable in the absence of contract or statute. *See Lickteig v. Iowa Department of Transportation*, 356 N.W.2d 205, 212–13 (Iowa 1984). When a statute is relied on, the situation must fall "clearly within the terms of the statute." *Telegraph Herald, Inc. v. City of Dubuque*, 297 N.W.2d 529, 536 (Iowa 1980). Here of course there is a statute, and we are obliged to give it a liberal construction "with a view to promote its objects and assist the parties in obtaining justice." Iowa Code § 4.2. The statute's clear purpose is to make the landowner whole when a condemnation has been abandoned. Accordingly we must give the statute a liberal construction to accomplish that purpose.

In arguing that the construction given the statute by the trial court will cause abuse, the DOT asserts the construction will allow a landowner to mulct a condemnor for damages and fees. The short answer to this argument is that the statute merely allows the landowner to be made whole. No recovery is to be permitted for costs, damages or fees that were not reasonable and necessary.

We conclude that section 472.34 does not limit a landowner's reimbursement for costs, damages and attorney fees to those incurred in the eminent domain proceeding that has been abandoned.

II. *The recovery here.* To be recoverable, costs, damages and attorney fees must have been reasonable and necessary in the landowner's defense to the condemnation. *See Atherton*, 203 N.W.2d at 623. Our review is limited to applying the

substantial evidence and abuse of discretion tests to the trial court's determinations. *See Nelson v. Iowa State Highway Commission,* 253 Iowa 1248, 1256, 115 N.W.2d 695, 700 (1962).

■ One of the two categories of challenged damages is the award for copy fees, transportation and other expenses incurred by Lawrence in researching the history of Indian Lookout. The DOT argues this research was used by Lawrence in writing an article for a historical magazine and should not have been reimbursed. The record contains evidence, however, that Lawrence did the research in preparation for the federal court litigation and used it in his testimony in that case. Only later did he use it in writing an article for a historical magazine. The award for research expenses is supported by substantial evidence, and the trial court did not abuse its discretion in making it.

■ The second category of challenged damages is the attorney fee expenses incurred by plaintiffs in the federal litigation. The record sufficiently supports the trial court's award for attorney fees at the district court level. As a result of that action, state authorities could not proceed with the condemnation without satisfying NEPA requirements relating to Indian Lookout. Substantial evidence supports the court's order allowing reimbursement for expenses of that litigation, and no abuse of discretion appears. However we do not find substantial evidence to support the award for federal litigation expenses at the appellate level. Plaintiffs were successful in the district court action. They joined and supported an appeal by other plaintiffs to seek broader relief. While they were free to do so, we do not believe the appellate litigation expenses could be found to be reasonable and necessary in their defense to the condemnation of their own land.

We are unable to determine from the record what portion of the award was based on litigation expense in the federal appeal. We reverse that part of the award and remand to permit the trial court, upon further hearing if necessary, to modify its prior order by deleting the amount allowed for litigation expenses in the federal appeal.

■ III. *Additional damages in this appeal.* Plaintiffs have applied in this court for an award of additional damages based on attorney fees and expenses incurred in this court in defending the present appeal. They request $1,395 in attorney fees and $282.99 for expenses. We hold that these fees and expenses are embraced in the concept of damages explained in *Wheatley,* 221 Iowa at 81–82, 264 N.W. at 914. Because they were incurred as a consequence of the DOT's abandonment of the condemnation and resistance to plaintiffs' application under section 472.34, we find these fees and expenses were reasonably necessary. They are also reasonable in amount. Plaintiffs can be made whole within the meaning of section 472.34 only if the DOT is required to make reimbursement for them. We order the DOT to pay them.

On the appeal, we affirm in part and reverse and remand in part for further proceedings consistent with this opinion. Costs are assessed to the DOT.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.