**LEHIGH CLAY PRODUCTS, LTD., Appellant,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, Appellee.**

**No. 94–1381.**

Supreme Court of Iowa.

March 20, 1996.

Rehearing Denied April 17, 1996.

---

Robert G. Allbee and Michael J. Eason of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, and George H. Frampton and Robert G. Bridges of Whitfield & Eddy, Des Moines, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Mark Hunacek, Assistant Attorney General, for appellee.

CARTER, Justice.

The appellant, Lehigh Clay Products, Ltd. (Lehigh), was a lessee of mineral rights in Webster County that were taken by an eminent domain proceeding initiated by the ap-

pellee, Iowa Department of Transportation (IDOT). The compensation commission valued the interest that was taken from Lehigh at $3000. In a jury trial that was held in connection with Lehigh's statutory appeal of the award, Lehigh's just compensation was fixed at $350,000. The district court granted IDOT's motion for new trial, but on the subsequent appeal, *Lehigh Clay Prods., Ltd. v. Iowa Dep't of Transp.*, 512 N.W.2d 541 (Iowa 1994), we reversed that ruling. The disposition on that appeal was concluded by remanding the case to the district court "for a reinstatement of the jury's verdict and a determination of reasonable attorney fees as provided under Iowa Code section 6B.33." *Id.* at 547.

Following our remand order, the district court awarded Lehigh a substantial sum for the attorney fees it had incurred in litigating the award in the district court. Based on our holding in *Wilson v. Fleming*, 239 Iowa 918, 32 N.W.2d 798 (1948), it found that appellate attorney fees were not recoverable under section 6B.33 (1993).[1]

The statute under which Lehigh claims entitlement to appellate attorney fees provides as follows:

The applicant shall pay all costs of the assessment made by the commissioners and reasonable attorney fees and costs incurred by the condemnee as determined by the commissioners if the award of the commissioners exceeds one hundred ten percent of the final offer of the applicant prior to condemnation.... The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken.

Iowa Code § 6B.33. As IDOT correctly notes, this court determined forty-eight years ago in *Wilson*, 239 Iowa at 919, 32 N.W.2d at 798–99, that although the statute authorizes an award of attorney fees in the district court for property owners that are successful in increasing the award of the

1. Section 6B.33 and companion statutes relating to eminent domain proceedings were previously found in Iowa Code chapter 472. For convenience, the chapter 6B designation will be used in this opinion.

condemning tribunal it does not authorize "a further allowance for services performed by plaintiffs' attorneys in handling their clients' case upon appeal to this court." *Id.* Lehigh contends that the *Wilson* decision was contrary to the plain meaning of the controlling statute and should be overruled.

We have recognized in several cases that when a prior interpretation of a statute by this court was demonstrably flawed it is our duty to correct the previous error. *Henriksen v. Younglove Constr.*, 540 N.W.2d 254, 260 (Iowa 1995); *Ames v. Employment Appeal Bd.*, 439 N.W.2d 669, 673–74 (Iowa 1989); *Kersten Co. v. Department of Social Servs.*, 207 N.W.2d 117, 121 (Iowa 1973); *State v. Johnson*, 257 Iowa 1052, 1056, 135 N.W.2d 518, 521 (1965); *Stuart v. Pilgrim*, 247 Iowa 709, 714, 74 N.W.2d 212, 216 (1956).

A considerable amount of uncertainty as to the substance of the *Wilson* decision arises from its extremely conclusory analysis of the issue now before us. It proceeded to reach its conclusion concerning appellate attorney fees by first reciting that attorney fees are only recoverable when authorized by statute and then noting that the condemnees had cited no case in which this court had previously allowed appellate attorney fees. The court then stated that certain unidentified "court files" show a number of cases similar to the *Wilson* case in which claims for appellate attorney fees were denied. We find that this approach to interpreting the statute was inadequate for a case of first impression.[2]

■ Courts will construe a statute in conformity with its dominating general purpose and will read the text in light of overall context. *In re Girdler*, 357 N.W.2d 595, 597

(Iowa 1994); *Fabricius v. Montgomery Elev. Co.*, 254 Iowa 1319, 1322–23, 121 N.W.2d 361, 364 (1963). The court should, when possible, construe a statute so as to give an intelligent and meaningful purpose to its provisions and, in so doing, may assume that the legislature realized the need therefor. *In re Klug's Estate*, 251 Iowa 1128, 1132, 104 N.W.2d 600, 603 (1960). When we reexamine *Wilson* in light of the language that the legislature employed in section 6B.33 and the manifest goal of allowing the recovery of attorney fees in eminent domain litigation, we are unable to accept the interpretation that was made of that statute.

■ An appeal from the district court's final judgment in eminent domain proceedings is simply an extension of the statutory process for challenging the initial determination of the compensation tribunal. The manifest purpose of section 6B.33 is to more nearly make whole those property owners whose lands are taken by eminent domain and who must litigate in the courts in order to obtain a proper determination of their just compensation. If such persons are required to pay their own attorney fees, much of the benefit that might be gained by a successful appeal would be offset by the resulting legal costs. Given this general acceptance of the statute's purpose, there is no basis for attributing to the legislature an intention to draw an arbitrary distinction between fees in the district court and fees on appeal.

The language of the statute is in no way inconsistent with our conclusion as to its meaning. IDOT's argument seeking to uphold the *Wilson* court's interpretation of sec-

---

2. In concluding that *Wilson* was the seminal interpretation of the statute on this issue, we are aware of the decision in *Woodcock v. Wabash Railway Co.*, 135 Iowa 559, 113 N.W. 347 (1907). In that case, the opinion writer expresses a view similar to that of the *Wilson* court but adds the observation that "[s]ome members of the court are of opinion that attorney's fees may be taxed upon appeal to this court for services here in virtue of section 2007 [the statutory predecessor to § 6B.33]." *Id.* at 561, 113 N.W. at 348. Following this disclosure, the opinion went on to decide the case by assuming but not deciding that appellate attorney fees were recoverable under this statute. The court held, however, that the supreme court rather than the district court

was the proper body to pass on the allowance of those fees. Consequently, it upheld the district court's ruling denying an application to that court for appellate attorney fees. Under this court's current practice in matters in which appellate attorney fees are recoverable, that issue is frequently determined in the first instance in the district court because of the necessity for making a record, *see Federal Land Bank v. Woods*, 480 N.W.2d 61, 70 (Iowa 1992), but may be determined initially in this court, *see Goodwin v. Iowa State Highway Comm'n*, 369 N.W.2d 816, 820 (Iowa 1985). In the present case, we are satisfied that the language of our remand order in the earlier appeal justified Lehigh's raising of this issue in the district court following remand.

tion 6B.33 unduly focuses on the word "appeal." It suggests that this word must refer to the appeal to the district court. In fact, that word is just as easily interpreted as referring to the entire judicial process of challenging the award. Because that interpretation is more consistent with the goal of the statute, it should have been accepted in the *Wilson* case. Moreover, even if the isolated word "appeal" is believed to identify only the district court proceeding, the right to recover costs and attorney fees extends to costs and fees "occasioned by the appeal" rather than costs and fees of the appeal. Because there can be no supreme court appeal without the district court appeal, the former is obviously occasioned by the latter.

The holdings in *Goodwin v. Iowa State Highway Commission*, 369 N.W.2d 816 (Iowa 1985), and *Atherton v. State Conservation Commission*, 203 N.W.2d 620, 622 (Iowa 1973), serve to illuminate the flaws in our *Wilson* decision. In both of those appeals the issue was the recovery of litigation costs in defending against a taking after the condemning authority eventually abandoned the eminent domain proceeding. In both cases we interpreted Iowa Code section 6B.34 (formerly section 472.34) as being designed to restore a landowner to the status quo. We held in *Goodwin* that this allowed the recoupment of appellate attorney fees if the condemnation litigation had proceeded to an appellate court level prior to the condemning authority's abandonment. Although section 6B.34 and section 6B.33 apply to different situations, the need for recoupment of fees on appeal, in order to make the landowner whole, applies equally in both situations.

■ To the extent that it is suggested in *Goodwin* or *Atherton* that the contrasting result in *Wilson* may be justified on the basis that some expenses inhere in the compensation for the property, that assertion was not well taken. The way is not open to an appellate court to assert that certain costs and expenses are presumed to inhere in the compensation for a taking where that same court has unequivocally determined that those costs or expenses are not recoverable as compensation for the property. That attorney fees are not recoverable as part of the

"just compensation" for the taking is well established in our cases. *See City of Ottumwa v. Taylor*, 251 Iowa 618, 622, 102 N.W.2d 376, 378 (1960); *Welton v. Iowa State Highway Comm'n*, 211 Iowa 625, 640–41, 233 N.W. 876, 884 (1930).

The district court correctly applied the *Wilson* decision as it was announced in that case. That is the role of district courts. We are now convinced, however, that *Wilson* must be overruled on the issue now before us. We do overrule it at this time. Consequently, we reverse the judgment of the district court and remand the matter to that court for a determination of a reasonable allowance of attorney fees incurred by Lehigh on both the prior appeal in this litigation and the present appeal.

**REVERSED AND REMANDED.**

All justices concur except NEUMAN, J., and McGIVERIN, C.J., HARRIS and TERNUS, JJ., who dissent.

NEUMAN, Justice (dissenting).

Because I do not share the majority's view that the reasoning of *Wilson* is "demonstrably flawed" or "inadequate for a case of first impression," I respectfully dissent.

The court's decision in *Wilson* rested on a well-settled legal principle: Before a court may tax attorney fees as costs, "the case must come clearly within the terms of the statute." *Wilson*, 239 Iowa at 919, 32 N.W.2d at 798. Guided by that rule, the court looked at section 6B.33 and failed to find within its terms any support for an award of attorney fees beyond that statutorily permitted on appeal from the condemnation commission to the district court. *Id.* at 920, 32 N.W.2d at 799. The majority now faults *Wilson*'s holding as "conclusory," but it was, in my view, a decision compelled by the language of the statute.

Read in isolation, section 6B.33 superficially supports the majority's new interpretation. The statute obviously speaks to recovery of the costs of "appeal," specifically including attorney fees.

A statute, however, must be read as a whole. *Telegraph Herald, Inc. v. City of Dubuque*, 297 N.W.2d 529, 532 (Iowa 1980).

**530**

Reference in the statute to the "trial" of the appeal and the "damages ... awarded" fully justifies *Wilson*'s holding. The district court, not an appellate court, tries cases and awards damages. When considered in harmony with other sections in this statutory scheme, the only logical construction of section 6B.33 is that "appeal" means the appeal from the compensation commission to the district court. *See* Iowa Code §§ 6B.17 ("damages returned by the commissioners shall be final unless appealed from"); .18 ("appeal to the district court"); .21 ("appeal shall be tried as in an action by ordinary proceedings"); .22 (discussing necessary "pleadings" on appeal); .24 (amount of damages awarded by commissioners decreased on "*trial* of the appeal"); .25 ("[u]pon appeal from the commissioners' award of damages the *district court* may direct ..."); .30 ("*trial* of the appeal") (emphasis added).

The majority nevertheless opines that the legislature could not have intended to make so arbitrary a distinction between trial and appellate attorney fees. I respectfully disagree. It seems equally plausible the legislature intended to limit the successful challenger to one expense-paid appeal (from the commission to district court). As in nearly all other litigation, further appeal would be on the challenger's own nickel. By thus discouraging—but not outlawing—further appeals, the legislation serves to preserve scarce judicial resources while at the same time saving taxpayers' dollars.

One may persuasively argue the fairness of compensating a landowner for *all* costs incurred as a result of a condemnation action, but "such compensation is a matter of legislative grace rather than constitutional command." *United States v. Bodcaw Co.*, 440 U.S. 202, 204, 99 S.Ct. 1066, 1067, 59 L.Ed.2d 257, 260 (1979). Given the legislature's tacit acceptance of our long-standing interpretation of this statute, I would defer to its wisdom and refrain from enlarging the recovery permitted by its terms.

McGIVERIN, C.J., and HARRIS and TERNUS, JJ., join this dissent.