Kyle SCHUMACHER, Diana Schumacher, and Richard Schumacher, Appellees,

v.

LISBON SCHOOL BOARD, Appellant.

No. 97–375.

Supreme Court of Iowa.

July 29, 1998.

Brian L. Gruhn, Cedar Rapids, for appellant.

Scott C. Peterson of Maher & Nidey Law Firm, Cedar Rapids, for appellees.

Considered by HARRIS, P.J., and LARSON, LAVORATO, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

The principal issue in this case is whether a hearing on a student's proposed suspension, which the student requests to be an open meeting as authorized by Iowa Code section 21.5(1)(e), may nevertheless be closed at the request of a third party, a teacher's aide. The defendant school board also raises issues concerning the attorney fees for the trial and appeal. The district court conclud-ed the board had violated chapter 21 and granted attorney fees to the plaintiffs. We affirm.

## I. *The Facts.*

Most of the facts of the case were stipulated by the parties. A teacher's aide, Deb Lord, initiated an incident with Kyle Schumacher, a high school student, in the Lisbon High School. Schumacher responded by calling Lord a vulgar name. School authorities investigated the incident and determined that Schumacher should be suspended for one day and that Lord would be disciplined by placing a letter in her personnel file.

Kyle Schumacher's parents, Diana and Richard, met with the school superintendent and questioned Kyle's suspension in light of Lord's conduct. Diana stated that she did not believe that Kyle and Lord had received equal punishments and that Lord should receive equal or greater punishment. The Schumachers learned that the meeting to consider Kyle's proposed suspension would probably be closed to the public. Diana verbally notified the superintendent that the Schumachers wanted an open session. The Schumachers' attorney later made the same request in writing.

When Lord found out about the Schumachers' appeal and their request for an open session, she became concerned that the Schumachers would call into question her performance in handling the incident. She also feared that the Schumachers would use the open meeting to attack her in a way that would harm her reputation. Lord asked the superintendent how she could protect her rights, and he advised her that he would discuss the issue with the school board's attorney. The board's attorney notified the Schumachers that the appeal of Kyle's suspension would be held in closed session.

At the beginning of the meeting, the school district's attorney advised the board that the meeting should be closed pursuant to Iowa Code section 21.5(1)(i), but the Schumachers' attorney had a different view; he contended that the meeting should be open pursuant to section 21.5(1)(e) because the student requested it. The board voted four to one to go into closed session pursuant to Iowa Code

section 21.5(1)(i) (1995). The board afforded the Schumachers the opportunity to present their appeal in closed session, but they declined.

The board came out of the closed session and voted three to two to deny the family's request to hold the appeal in open session. The board then voted four to one to stay the suspension in order to permit the family to litigate the issue. Kyle never did serve his suspension because the board's stay of the suspension remained in effect. Kyle has now graduated.

The Schumachers filed a petition in district court pursuant to Iowa Code section 21.6, alleging that the school board violated chapter 21 by refusing to hold the appeal hearing in an open proceeding. The Schumachers requested damages and attorney fees as well as an order voiding the actions taken at the closed session and an injunction requiring the board to refrain from further violations of the open meetings law. *See* Iowa Code § 21.6.

The district court ruled in favor of the plaintiffs and found that the board's action in closing the meeting was void. It issued an injunction for one year restraining the board from any further violations of the open meetings law. It entered judgment in favor of the plaintiffs for court costs and attorney fees in the amount of $3000. The school board appealed.

## II. *The Application of the Open Meetings Law.*

A. *Scope of review.* Review of actions to enforce the open meetings statute are ordinary actions at law. *See Telegraph Herald, Inc. v. City of Dubuque*, 297 N.W.2d 529, 533 (Iowa 1980) (discussing the 1979 version of the open meetings law, chapter 28A); *Gavin v. City of Cascade*, 500 N.W.2d 729, 731 (Iowa App.1993) (discussing chapter 21, the open meetings law). The trial court's findings are binding if supported by substantial evidence. *Telegraph Herald*, 297 N.W.2d at 533; *Gavin*, 500 N.W.2d at 731.

B. *Interpretation of the statute.* The relevant portion of our open meetings law provides:

1. A governmental body may hold a closed session only by affirmative public vote of either two-thirds of the members of the body or all of the members present at the meeting. A governmental body may hold a closed session only to the extent a closed session is necessary for any of the following reasons:

. . . .

e. To discuss whether to conduct a hearing or to conduct hearings to suspend or expel a student, *unless an open session is requested by the student or a parent or guardian of the student* if the student is a minor.

. . . .

i. *To evaluate the professional competency of an individual whose appointment, hiring, performance or discharge is being considered* when necessary to prevent needless and irreparable injury to that individual's reputation and that individual requests a closed session.

. . . .

5. Nothing in this section requires a governmental body to hold a closed session to discuss or act upon any matter.

Iowa Code § 21.5 (1995) (emphasis added).

The "Intent—declaration of policy" section of this chapter is important:

This chapter seeks to assure, through a requirement of open meetings of governmental bodies, that the basis and rationale of governmental decisions, as well as those decisions themselves, are easily accessible to the people. *Ambiguity in the construction or application of this chapter should be resolved in favor of openness.*

Iowa Code § 21.1 (emphasis added).

The school board essentially concluded that the rights of an employee who requests a closed meeting are superior to the rights of a student who requests that it be open. The district court disagreed, and we believe properly so.

While Iowa Code section 21.1 provides that ambiguity in the construction or application of that chapter should be resolved in favor of openness, the Schumachers need not rely on that principle here. Iowa Code section

21.5(1)(e) clearly provides that a student may request an open hearing. Lord relies on section 21.5(1)(i) in claiming her right to a closed meeting, but that section is inapplicable. It applies only if (1) the meeting is to evaluate the professional competency of an individual (2) for the purpose of deciding issues of "appointment, hiring, performance or discharge." Lord failed to meet either of these requirements. The meeting was not for the purpose of evaluating her; it was for the purpose of considering a proposed suspension. In addition, the issue was what to do about *Schumacher*, not *Lord*. Lord's performance had already been evaluated and discipline imposed—according to the stipulated facts, Lord received an incident letter for her personnel file.

Because Iowa Code section 21.5(1)(e) allowed Schumacher the right to an open meeting, and section 21.5(1)(i) is inapplicable, the district court correctly ruled that the board acted illegally in closing the hearing.

### III. *Attorney Fees.*

The school district challenges the award of attorney fees to the plaintiffs at both the trial and appellate court levels.

■ A. *Trial attorney fees.* The district court awarded the plaintiffs $3000 in attorney fees under this statutory authority:

> Upon a finding by a preponderance of the evidence that a governmental body has violated any provision of this chapter, a court:
>
> . . . .
>
> b. Shall order the payment of all costs and reasonable attorneys fees to any party successfully establishing a violation of this chapter.

Iowa Code § 21.6(3).

The defendant contends there was insufficient evidence to support the district court's award of attorney fees. The only evidence concerning fees, it complains, is the "self-serving" testimony of the plaintiffs that the fees were about $3000. Their objection is that the plaintiffs had failed to provide fee affidavits at the trial. (The fee affidavits were furnished, after the trial but before the court's fee order was entered, showing $3380

in fees and $100 in costs.) The defendant does not contend that it was deprived of an opportunity to challenge the amount of fees before the court entered its order allowing them. We believe that the procedure for setting fees was appropriate. In fact, a fee affidavit filed after the trial would most accurately reflect the hours actually spent by the attorneys in the trial.

We find no abuse of discretion in the fee award and therefore affirm on that issue.

■ B. *Appellate attorney fees.* The plaintiffs request appellate attorney fees under the authority of Iowa Code section 21.6(3)(b) (court "[s]hall order the payment of all costs and reasonable attorneys fees" for establishing a violation). The defendant resists, claiming that chapter 21 does not allow appellate attorney fees and that we have rejected such fees in an open meeting case. *See Telegraph Herald*, 297 N.W.2d at 537. The plaintiffs rejoin that, since *Telegraph Herald*, this court has accepted the notion of appellate attorney fees in another context, even in the absence of express statutory authority.

The case on which the plaintiffs rely is *Lehigh Clay Products, Ltd. v. Iowa Department of Transportation*, 545 N.W.2d 526 (Iowa 1996). In a five-to-four decision, we decided that appellate attorney fees could be awarded in a condemnation case. In so holding, we overruled *Wilson v. Fleming*, 239 Iowa 918, 32 N.W.2d 798 (1948). In overruling *Wilson*, we relied on language in Iowa Code section 6B.33 (1993), which stated that "[t]he applicant shall ... pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court...."

We interpreted the language "occasioned by the appeal" to accommodate an interpretation that would encompass the allowance of fees for any appeal that was necessary. *Lehigh*, 545 N.W.2d at 529. In *Lehigh* we also pointed to the underlying rationale of the eminent domain law, which was to make a party whole. To deny the property owner appellate attorney fees would not be consistent with that goal. *Id.* at 528–29.

In contrast to the goal of the eminent domain statute, we believe that the underlying purpose of chapter 21 is to provide access to public meetings. The legislature has seen fit to allow reasonable attorney fees, at least at the trial court level, in order to vindicate the plaintiffs' rights. We find in chapter 21 no language comparable to the provision for appellate attorney fees "occasioned by the appeal," as in the case of the eminent domain statute, and the goal of chapter 21, we believe, is not basically aimed at making a plaintiff whole. In fact, in *Telegraph Herald* we pointed to language in our open meetings statute that suggests just the opposite: that only trial attorney fees would be allowed. We said:

> Under section 28A.6(3) [predecessor to present statute], the court that orders payment of costs and reasonable attorney fees is the same court that makes the prior "finding by a preponderance of the evidence that a governmental body has violated any provision of this chapter." We think both references are to the district court, and there is no statutory authority for this court to assess attorney fees for appellate services.

*Telegraph Herald*, 297 N.W.2d at 537. We believe that the present case must be distinguished from *Lehigh*, and we therefore reject the plaintiffs' application for appellate attorney fees.

**AFFIRMED.**