**IOWA DEPARTMENT OF TRANSPORTATION,**
Appellee,

v.

John M. SOWARD, Deborah A. Soward, and SNL, Inc., Appellants,

and

Warren Water District and Polk County, Iowa, Defendants.

No. 00–0861.

Supreme Court of Iowa.

Sept. 5, 2002.

Daniel L. Manning of Connolly, O'Malley, Lillis, Hansen & Olson, Des Moines, for appellants.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Mark Hunacek and Carolyn J. Olson, Assistant Attorneys General, for appellee.

LAVORATO, Chief Justice.

Landowners appeal from a district court ruling denying their request for payment of expert witness fees as "costs occasioned by the appeal" in a condemnation action, pursuant to Iowa Code section 6B.33 (1997). We find no error in the ruling and therefore affirm.

## I. Background Facts and Proceedings.

The Iowa Department of Transportation (IDOT) condemned property owned by John and Deborah Soward and a corporate entity formed by the Sowards, SNL, Inc. (hereinafter collectively "Sowards"). On August 19, 1998, the Polk County Compensation Commission awarded the Sowards $950,000 to compensate them for the property condemnation.

The Sowards were satisfied with the award and had no intention to appeal. The IDOT, however, appealed the award to the district court. Following a jury trial in March 2000, the jury awarded the Sowards $1.3 million plus interest.

In April 2000, the Sowards filed an application for costs in which they sought $33,970.50 for expert witness fees. In a memorandum of law, the Sowards challenged this court's decision in *City of Ottumwa v. Taylor*, 251 Iowa 618, 102 N.W.2d 376 (1960). In *Taylor*, this court held that the language "all costs occasioned by the appeal" in Iowa Code section

472.33 (1958) (predecessor to Iowa Code section 6B.33) did not include payment of fees and expenses for expert witnesses in eminent domain proceedings. 251 Iowa at 625, 102 N.W.2d at 380. The IDOT resisted the Sowards' application.

Following a hearing, the district court filed an order denying the application. It is from this order that the Sowards appeal.

## II. Issue.

The Sowards contend, as they did in the district court, that this court's decision in *Taylor* is contrary to the meaning of Iowa Code section 6B.33 (1997). In short, the Sowards argue, contrary to *Taylor*, the language "all costs occasioned by the appeal" in section 6B.33 includes expert witness fees.

## III. Scope of Review.

█ We review questions of statutory construction for correction of errors at law. *In re S.J.D.*, 641 N.W.2d 794, 797 (Iowa 2002).

## IV. Applicable Rules of Statutory Construction.

█ When the text of the statute is plain and its meaning clear, we do not search for a meaning beyond the statute's express terms or resort to rules of statutory construction. *Henriksen v. Younglove Constr.*, 540 N.W.2d 254, 258 (Iowa 1995). It is only when there is ambiguity in the statute that we resort to such rules. *Stroup v. Reno*, 530 N.W.2d 441, 443 (Iowa 1995). We consider a statute ambiguous if reasonable minds could differ or be uncertain as to the meaning of it. *Carolan v. Hill*, 553 N.W.2d 882, 887 (Iowa 1996).

█ Our ultimate goal in construing statutes is to find the true intention of the legislature. *Bernau v. Iowa Dep't of Transp.*, 580 N.W.2d 757, 761 (Iowa 1998).

If more than one statute is relevant, we consider the statutes together and try to harmonize them. *State v. Snyder*, 634 N.W.2d 613, 615 (Iowa 2001).

█ The legislature is its own lexicographer. *Iowa Beef Processors, Inc. v. Miller*, 312 N.W.2d 530, 533 (Iowa 1981). So in searching for legislative intent, we are bound by what the legislature said, not by what it should or might have said. *Krull v. Thermogas Co.*, 522 N.W.2d 607, 612 (Iowa 1994). Additionally, we are bound to follow the legislature's definitions and "may not add words or change terms under the guise of judicial construction." *Iowa Beef Processors*, 312 N.W.2d at 533. If the legislature has not defined words of a statute, we may refer to prior decisions of this court and others, similar statutes, dictionary definitions, and common usage. *Bernau*, 580 N.W.2d at 761.

## V. Does the Language "All Costs Occasioned by the Appeal" in Iowa Code section 6B.33 Include Expert Witness Fees?

Iowa Code section 6B.33 provides in pertinent part:

> The applicant shall also pay *all costs occasioned by the appeal*, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken.

Iowa Code § 6B.33 (emphasis added).

As mentioned, in *Taylor*, this court addressed whether the language "all costs occasioned by the appeal" included expert witnesses fees, and concluded it did not. *Taylor*, 251 Iowa at 625, 102 N.W.2d at 380. The court in *Taylor* was addressing Iowa Code section 472.33 (1958), which was subsequently renumbered section 6B.33. The language at issue here is identical to

the language at issue in *Taylor*. *See id.* at 621, 102 N.W.2d at 377. The court's analysis in *Taylor* included the following points, all of which we conclude are valid today.

The court first noted that costs are "taxable only to the extent provided by statute." *Id.* at 621, 102 N.W.2d at 378. Moreover, the term "just compensation" for land taken by eminent domain includes neither attorney fees nor expert witness fees. *Id.* "Costs," the court explained, "has a well-defined legal meaning" and "includes the sums ordinarily taxable for expense incurred in an action as provided by statute." *Id.* at 622, 102 N.W.2d at 378. And, the court concluded, the term "costs" does not include expert witness fees. *Id.*

The court in *Taylor* gave several reasons for its conclusion. First, "[n]o good reason is apparent why condemnees in eminent domain proceedings should be reimbursed for such expenses . . . while other successful litigants must themselves bear similar expenses." *Id.* at 624, 102 N.W.2d at 379. Second, section 472.33 (now section 6B.33), a special statute, applies over section 625.1, a general statute. *Id.* (Section 625.1 remains part of the Iowa Code. *See* Iowa Code § 625.1 (1997) ("Costs shall be recovered by the successful against the losing party.")). Last, the court concluded, the express mention of attorney fees implies exclusion of all other expenses. *Id.* at 625, 102 N.W.2d at 380. It reasoned that

> [i]f the language . . . were broad enough to include attorney fees, the clause [regarding attorney fees], added by way of amendment to the statute, would be surplusage which effected no change in the law. Our interpretation of this statute gives effect to the clause pertaining to attorney fees.
>
> . . . .

If the legislature intends to grant [authority for payment of expert witness fees], it must do so in clearer language than that in [section] 472.33.

*Id.*

The court in *Taylor* was careful to point out that nothing in its opinion was intended to "cast doubt on the propriety of taxing expert witness fees under Iowa Code section 622.72 (1958)" (providing for additional compensation for expert witnesses not to exceed four dollars per day). *Id.* (Iowa Code section 622.72 (1997) provides for additional compensation for expert witnesses not to exceed $150 per day.) However, the court noted, any increase beyond that compensation had to be fixed by the legislature. *Id.*

The Sowards contend that because we have taken steps away from this court's holding in *Taylor*, we must now overturn it. To support their position, the Sowards cite *Lehigh Clay Products, Ltd. v. Iowa Department of Transportation*, 545 N.W.2d 526 (Iowa 1996), and *River Bend Farms, Inc. v. M & P Missouri River Levee District*, 324 N.W.2d 460 (Iowa 1982).

In *River Bend Farms*, this court addressed whether attorney fees were allowable in an appeal from a levee district's condemnation award involving land in an intercounty levee district. The court's analysis of the issue involved statutory interpretation and a discussion of the interplay between Iowa Code chapters 455 (levee and drainage districts), 457 (intercounty levee or drainage districts), and 472 (eminent domain procedure) (now chapter 6B). *River Bend Farms*, 324 N.W.2d at 462–63. The court concluded section 472.33 (1979) (now section 6B.33), which allows for attorney fees, applied in this case "as mandated by section 472.1 [providing that the provisions of chapter 472 apply to "the condemnation of private

property for works of internal improvement ... unless and except as otherwise provided by law"] because there is no contravening definition of costs of appeal in either chapter 455 or 457." *Id.* at 464.

The Sowards rely heavily on language appearing in *River Bend Farms.* The court described Iowa Constitution article I, section 18 as the "basic law" governing the exercise of the eminent domain power. *Id.* at 461. The court said that chapter 472 (now chapter 6B), which governs the procedure to be followed in condemnation proceedings, "helps to protect 'the citizen in the quiet and proper enjoyment of his property.'" *Id.* at 462 (citations omitted). The court further said, "[w]e believe the statutes here under scrutiny can be deployed fairly to provide complete justice to an owner whose property is being involuntarily taken, first by assuring the reimbursement of attorney fees does not turn on the happenstance of the public purpose for which the property was taken ...; and second, by permitting him or her to receive its market value undiminished by expenses necessarily incurred to obtain a fair result." *Id.*

In *Lehigh Clay Products,* we addressed whether appellate attorney fees are recoverable under section 6B.33. 545 N.W.2d at 529. Overruling *Wilson v. Fleming,* 239 Iowa 918, 32 N.W.2d 798 (1948), we concluded such fees are recoverable under section 6B.33. *Id.* The Sowards point to the following passage from *Lehigh Clay Products* to support their argument:

> The manifest purpose of section 6B.33 is to more nearly make whole those property owners whose lands are taken by eminent domain and who must litigate in the courts in order to obtain a proper determination of their just compensation. If such persons are required to pay their own attorney fees, much of the benefit that might be gained by a suc-

cessful appeal would be offset by the resulting legal costs. Given this general acceptance of the statute's purpose, there is no basis for attributing to the legislature an intention to draw an arbitrary distinction between fees in the district court and fees on appeal.

*Id.* at 528.

The Sowards argue that *River Bend Farms* and *Lehigh Clay Products* "conclusively establish" the legislative intent of section 6B.33. They urge us to look not only to the statutory language of section 6B.33, but also to Iowa Constitution article I, sections 1 (providing that the right to own, enjoy, and protect property is an inalienable right) and 18 (allowing for the taking of property for a public purpose provided that a property owner is justly compensated). Given that the goals are to (1) ensure the property owner obtains "complete justice," as pronounced in *River Bend Farms,* and (2) promote justice and make a property owner whole, as pronounced in *Lehigh Clay Products,* the Sowards argue they must be awarded the market value of their property "undiminished by expenses necessarily incurred to obtain a fair result." According to the Sowards, *Taylor* "lies directly in the path" of legislative intent and must be overturned.

The Sowards' argument is flawed in several respects. First, they fail to recognize that the constitutional right to "just compensation" does not extend to compensation for ancillary items such as attorney fees or litigation costs. *See United States v. Bodcaw Co.,* 440 U.S. 202, 203, 99 S.Ct. 1066, 1066–67, 59 L.Ed.2d 257, 259 (1979) ("[I]ndirect costs to the property owner caused by the taking of his land are generally not part of the just compensation to which he is constitutionally entitled."); *Atherton v. State Conservation Comm'n,* 203 N.W.2d 620, 622 (Iowa 1973) ("The

right of a condemnee to an award of costs on the condemnor's abandonment of an eminent domain proceeding has been said to be purely statutory, and in the absence of a specific statutory provision therefore, there may not be a right to recover such costs.") (citation omitted); *Taylor,* 251 Iowa at 621, 102 N.W.2d at 378 (neither attorney fees nor expert witness fees are embraced within the term "just compensation" for land taken by eminent domain) (citing cases). So, to the extent that the Sowards rely on statements in *Lehigh Clay Products* and *River Bend Farms* discussing the constitutional provisions relating to eminent domain and just compensation, their reliance is misplaced.

More important, the Sowards "put the cart before the horse." They spend their entire brief arguing about the legislative intent behind section 6B.33, and how the court has more clearly articulated legislative intent since *Taylor.* However, the Sowards fail to mention how the language of the statute supports their interpretation and fail to counter the statutory construction analysis set forth in *Taylor.* Finally, they do not explain why, given the invitation by this court in *Taylor,* to amend the statute, the legislature has failed to do so after more than forty years. *See Taylor,* 251 Iowa at 625, 102 N.W.2d at 380.

Recent amendments to section 6B.33 have not addressed the issue of expert witness fees. *See* 2000 Iowa Acts ch. 1179, § 19; 1999 Iowa Acts ch. 171, § 15. We note a recent attempt to add the phrase "costs of appraisals and expert witnesses" to section 6B.33 did not make it out of committee. *See* S.F. 37, 79th G.A., 1st Sess. § 4 (Iowa 2001).

The legislature's failure to "correct" this court's decision in *Taylor* is entitled to considerable weight. *See Cover v. Craemer,* 258 Iowa 29, 34, 137 N.W.2d 595, 599 (1965) (construction given to a statute in a case decided sixty years earlier "has evi-

dently met with the approval of each successive legislature, and under such circumstances we should not change it"). As this court noted in *Cover,* the rule of stare decisis

> is especially applicable where the construction placed on a statute by previous decisions has been long acquiesced in by the legislature, by its continued use or failure to change the language of the statute so construed, the power to change the law as interpreted being regarded, in such circumstances, as one to be exercised solely by the legislature.

*Id.* at 34–35, 137 N.W.2d at 599 (citation omitted). We conclude that if there is to be a change to section 6B.33 after forty years of acquiescence by the legislature, such change should come from that body.

## VI. Disposition.

The Sowards have failed to give us any compelling reason to overturn *Taylor,* a forty-year-old decision that squarely addresses the issue of expert witness fees under Iowa Code section 6B.33. Accordingly, we affirm the decision of the district court denying the Sowards' application for payment of such fees.

**AFFIRMED.**