# IN THE COURT OF APPEALS OF IOWA

No. 18-1171
Filed July 24, 2019

**JLL LLC,**
        Plaintiff-Appellant,

**vs.**

**CITY OF CEDAR FALLS, et al.,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

JLL LLC appeals the district court's ruling on taxation of costs following a condemnation action by the City of Cedar Falls.  **AFFIRMED.**

E. Kelly Keady of Biersdorf & Associates, P.C., Minneapolis, Minnesota, for appellant.

Maria E. Brownell of Ahlers & Cooney, P.C., Des Moines, for appellee.

Heard by Vogel, C.J., Vaitheswaran, J., and Mahan, S.J.,* but decided by Vaitheswaran, P.J., Mahan, S.J.,* and Vogel, S.J.*

*Senior judges assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VAITHESWARAN, Presiding Judge.**

The City of Cedar Falls condemned property owned by JLL LLC. *See* Iowa Code § 6A.4(6) (2016) (authorizing cities to take private property for public use). Following a hearing, a compensation commission assessed damages of $527,197. *See id.* §§ 6B.4, 6B.14, 6B.17.

JLL appealed the appraisement of damages to the district court. *See id.* § 6B.18(1). A jury awarded JLL $630,000. *See id.* § 6B.21.

JLL filed an application for $147,690 in attorney fees and $78,999.67 in costs. *See id.* § 6B.33. Following a hearing, the district court awarded (1) attorney fees of $141,345; (2) $15,000 for the cost of an appraisal; and (3) statutory expert witness fees of $150 for each of three experts. JLL appealed.

JLL does not challenge the attorney fee award. The company focuses on the district court's denial of its requests for additional litigation-related expenses. In its view, statutory language obligates cities to make property owners whole.

Iowa Code section 6B.33 does indeed require an acquiring agency to "pay all costs occasioned by the appeal." But "costs" do not include all litigation expenses, as JLL contends. *See City of Riverdale v. Diercks*, 806 N.W.2d 643, 660 (Iowa 2011) ("We have construed 'all costs' language in other fee-shifting statutes to limit reimbursement for litigation expenses to those allowed as taxable court costs." (citing *Iowa Dep't of Transp. v. Soward*, 650 N.W.2d 569, 572 (Iowa 2002))); *City of Ottumwa v. Taylor*, 102 N.W.2d 376, 378 (Iowa 1960) ("We disagree with defendant's view that 'all costs occasioned by the appeal' as used in [the predecessor to section 6B.33] includes *all* expenses reasonably necessary in *preparation and* trial of the appeal.").

Breaking down JLL's requests for litigation-related expenses, we begin with its request for appraisal fees, an issue we are persuaded was preserved for review. Section 6B.33 authorizes payment of "the reasonable cost incurred by the property owner for one appraisal." JLL requested $51,000 for its appraiser's "written/oral appraisal report ($43,000) plus the additional $8000 review appraisal of [the City's] appraisal." The $43,000 figure included $13,000 to cover charges for the appraiser's trial testimony and $5000 to cover "rent loss analysis and reporting."

The district court found (1) the $13,000 sum was in fact a request for an "expert witness" fee not covered by section 6B.33; (2) "the rent income issue . . . [was] inadmissible" at trial, foreclosing taxation of the $5000 sum as costs; and (3) the "review service" costing $8000 "added little to [the] original report and [was] as disproportional in its amount as the original appraisal report." The court concluded $15,000 would be "a more than reasonable allocation" for the appraisal.

We discern no error in the district court's interpretation of section 6B.33 as excluding the $13,000 cost of the appraiser's trial testimony. *See Taylor*, 102 N.W.2d at 377, 379 (reversing allowance of fees for "each of two expert appraisers in preparing to testify and testifying upon the appeal"). And we conclude the district court did not err or abuse its discretion in declining to award the $5000 cost of preparing an inadmissible rental loss evaluation and the $8000 cost of reviewing and rebutting the City's appraisal report. *See Goodwin v. Iowa State Highway Comm'n*, 369 N.W.2d 816, 819 (Iowa 1985) (reviewing assessment of costs, damages, and attorney fees under what is now Iowa Code section 6B.34 for substantial evidence and abuse of discretion); *cf. Shea v. Lorenz*, No. 16-0496, 2017 WL 4844504, at *8 (Iowa Ct. App. Oct. 25, 2017) (reviewing assessment of

litigation costs under Iowa Code chapter 625 for an abuse of discretion). In light of our conclusion, we need not address the City's contention that the $8000 review constituted a "second" appraisal not covered by section 6B.33.

We turn to the district court's refusal to award additional litigation-related expenses and a represented party's direct claims for costs and expenses. The court concluded these expenses did not fall within the statutory definition of costs. The court's conclusion flowed directly from *Soward*. There, the supreme court reaffirmed that "[t]he express mention of attorney fees [and one appraisal fee] implies exclusion of all other expenses." *Soward*, 650 N.W.2d at 572 (citing *Taylo*r, 102 N.W.2d at 380). We discern no error in the court's denial of these litigation expenses.

We are left with the district court's denial of JLL's request for expert witness fees. As noted, the court treated the appraiser's trial testimony as expert testimony. JLL also called two other experts. Again, *Soward* dictated the court's decision. *See id.* (observing "the term 'costs' [in section 6B.33] does not include expert witness fees"). This court is not at liberty to overrule the opinion. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990); *see also Soward*, 650 N.W.2d at 574 ("[I]f there is to be a change to section 6B.33 after forty years of acquiescence by the legislature, such change should come from that body."). We also are not at liberty to address JLL's constitutional challenge to the holding of *Soward*, an issue that was not preserved for review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). The court appropriately limited the expert witness fee award to $150 per expert. *See* Iowa Code § 622.72 (authorizing fees for expert witnesses "not exceed[ing] one hundred fifty dollars per day").

We affirm the district court's ruling on taxation of costs.

**AFFIRMED.**